**Martin GUERRERO, Jr., Plaintiff-Appellant,**

v.

**James BARLOW, Individually and as Criminal District Attorney of Bexar County, Texas, Defendant-Appellee.**

No. 73–3972.
**Summary Calendar.**[*]

United States Court of Appeals,
Fifth Circuit.

May 31, 1974.

---

\* Rule 18, 5 Cir.; Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

that prosecuting attorneys, as "quasi-judicial officers", are immune from suit under section 1983 for actions taken in performance of their official role. Pierson v. Ray, 1967, 386 U.S. 547, 553–555, 87 S.Ct. 1213, 18 L.Ed.2d 288; Hill v. City of El Paso, 5 Cir. 1971, 437 F.2d 352, 354. We are not persuaded that the actions complained of here are without this band of immunity that surrounds official acts. Nor do we believe that the court erred by dismissing the cause with prejudice.

Affirmed.

---

Martin Guerrero, Jr., pro se.

Norris W. Yates, Jr., Asst. Crim. Dist. Atty., San Antonio, Tex., for defendant-appellee.

Before WISDOM, GOLDBERG and GEE, Circuit Judges.

PER CURIAM:

Guerrero appeals from the district court's order dismissing with prejudice his suit for damages brought against a prosecuting attorney under the Civil Rights Act, 42 U.S.C. § 1983. Guerrero complained that his civil rights were violated when, in a state criminal prosecution, the prosecutor denied him access to supplementary police reports and caused him to be imprisoned before trial, thus handicapping preparations for his defense.[1] The district court held that Guerrero's claims were barred by the immunity that prosecuting attorneys enjoy under the Civil Rights Act for actions taken within the scope of their authority. We agree. It is well settled

---

1. Guerrero was convicted of murder with malice in Bexar County, Texas, on June 2, 1965, and was sentenced to life imprisonment.