Dr. Don M. SMART,
Plaintiff-Appellant,

v.

Clarence JONES, Individually and as
Sheriff, et al., Etc., Defendants-Third
Party Plaintiffs Appellees,

v.

FIDELITY & DEPOSIT COMPANY OF
MARYLAND, Third Party
Defendant.

No. 75–3096
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

April 15, 1976.

Rehearing and Rehearing En Banc
Denied May 19, 1976.

---

* Rule 18, 5 Cir., *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

S. L. Lewis, Dallas, Tex., for plaintiff-appellant.

Earl Luna, Thomas V. Murto, III, Dallas, Tex., for John J. Orvis.

Larry S. Parnass, Irving, Tex., for G. R. Barrett.

Robert E. Burns, Dallas, Tex., for Texas Power & Light Co.

Henry Wade, Crim. Dist. Atty., John B. Tolle, Asst. Dist. Atty., Dallas, Tex., for H. Wade, etc., and others.

Before AINSWORTH, CLARK and RONEY, Circuit Judges.

PER CURIAM:

Dr. Don M. Smart brought this Civil Rights action under 42 U.S.C.A. §§ 1983, 1985, 1986 against a county judge, the Dallas County Sheriff, three of his deputies, the District Attorney of Dallas County and two Assistant District Attorneys, and the Texas Power & Light Co., its president and its attorney. Plaintiff complained that defendants conspired to wrongfully condemn a parcel of his property, and to falsely arrest, imprison and criminally prosecute him. Taking notice of a similar action brought by plaintiff's wife which raised identical factual and legal issues, and grew out of the same incident, *Smart v. Jones,* 493 F.2d 663 (5th Cir.), *cert. denied,* 419 U.S. 1090, 95 S.Ct. 681, 42 L.Ed.2d 682, *rehearing denied,* 420 U.S. 939, 95 S.Ct. 1151, 43 L.Ed.2d 417 (1975), the district court granted defendants' motion for summary judgment. On this appeal plaintiff Smart raises several issues of error. Finding none to be of merit, and agreeing with the district court that the cause presents no genuine issue of material fact, *Tyler v. Vickery,* 517 F.2d 1089, 1093 (5th Cir. 1975), and that the defendants are entitled to judgment as a matter of law, Rule 56(c), F.R.Civ.P., we affirm.

■ The informal conference conducted in Judge Taylor's chambers fully complies with Rule 56, F.R.Civ.P., a formal evidentiary hearing prior to entry of summary judgment not being required. *See Bon Air Hotel, Inc. v. Time, Inc.,* 426 F.2d 858, 862 (5th Cir. 1970).

■ There was no denial of due process and equal protection either on the grounds the trial judge did not hold a full evidentiary hearing or because the judge formerly practiced law with one defendant and formerly worked for two others, associations which terminated 30 years prior to the instant lawsuit. *See* 28 U.S.C.A. § 144.

■ Taking notice of Mrs. Smart's separate, unsuccessful Civil Rights action against four of the defendants in this suit, arising out of the same set of circumstances, was proper for the district court as a means of eliminating possible fact issues.

The issues which plaintiff argues are still open and subject to jury resolution—including the questions of whether the deputy properly attempted to serve civil process and whether the plaintiff was guilty of reckless driving—are not, on our reading of the record, genuinely uncertain issues which would necessitate trial on the merits.

■ · The county judge, one of the several defendants, is properly cloaked with judicial immunity. *Pierson v. Ray,* 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967).

■ The District Attorney and his assistants acted solely within the scope of their prosecutorial responsibilities and are immune under the principles expressed by this Court and the Supreme Court. *See Imbler v. Pachtman,* ── U.S. ──, 96 S.Ct. 984, 47 L.Ed.2d 128, 44 U.S.L.W. 4250 (1976); *Pierson v. Ray, supra,* 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288; *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Guerrero v. Barlow,* 494 F.2d 1190 (5th Cir. 1974).

■ There is no merit to the issues which imply that Deputy Grandstaff initiated this entire altercation by attempting to serve invalid civil process on the plaintiff. The capias, Texas' equivalent to an arrest warrant which is "issued by the court or clerk and directed 'To any peace officer of the State of Texas'" Art. 23.01, Tex.C.Crim.P., was neither improperly executed, nor violative of due process.

■ Finally, Smart alleged error in the grant of summary judgment for defendants Texas Power & Light Co. and two of its officers. In essence, Smart argues that the corporation acted illegally in bringing condemnation proceedings against his property. This Court has resolved all issues concerning the condemnation in favor of the Texas Power & Light Co. *Smart v. Texas Power & Light Co.,* 525 F.2d 1209 (5th Cir. 1976).

AFFIRMED.