DARWIN D. JARVIS, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 15462–81.     Filed April 22, 1982.

Darwin D. Jarvis, pro se.
*David W. Johnson*, for the respondent.

### OPINION

**DAWSON**, *Judge*: This case was assigned to Special Trial Judge Francis J. Cantrel for the purpose of considering and ruling on respondent's motion for summary judgment. After a review of the record, we agree with and adopt his opinion which is set forth below.[1]

### OPINION OF THE SPECIAL TRIAL JUDGE

**CANTREL**, *Special Trial Judge*: This case is presently before the Court on respondent's motion for summary judgment filed on December 9, 1981, pursuant to Rule 121, Tax Court Rules of Practice and Procedure.[2]

Respondent, in his notice of deficiency issued to petitioner on March 27, 1981, determined deficiencies in petitioner's Federal income taxes and additions to the tax for the taxable calendar years 1976 and 1977 as follows:

---

[1]Since this is a pretrial motion and there is no genuine issue of material fact, the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure, are not applicable in these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that Rule.

[2]All Rule references herein are to the Tax Court Rules of Practice and Procedure, unless otherwise provided.

| | | Additions to tax, 1954 Code[3] | | |
|---|---|---|---|---|
| Year | Deficiency[4] | Sec. 6651(a) | Sec. 6653(a) | Sec. 6654 |
| 1976 | $6,458.00 | $1,614.50 | $322.90 | $240.76 |
| 1977 | 15,518.57 | 3,879.64 | 775.93 | 552.18 |

Petitioner's legal address was Route 1, Box 291-AA, Wimberley, Tex., on June 29, 1981, the date he filed his petition herein. The adjustments to petitioner's share of community income,[5] as determined by respondent in his deficiency notice, are as follows:

| | 1976 | 1977 |
|---|---|---|
| Gross receipts ................... | $53,224.94 | $40,761.30 |
| Cost of goods sold ............. | (24,964.95) | --- |
| Business expenses .............. | (7,719.33) | --- |
| Business expenses and cost of goods sold ........... | --- | (11,203.00) |
| Sale of property ............... | --- | 8,500.00 |
| | 20,540.66 | 38,058.30 |

Petitioner and his spouse submitted a Form 1040 to the Internal Revenue Service for the taxable year 1976 signed only by petitioner,[6] on which he failed to report the required information respecting his income and the tax due thereon. No Federal income tax return was filed by petitioner for the taxable year ending December 31, 1977.

In his petition, petitioner alleges, in pertinent part, as follows:

### FIRST CLAIM

3. The Statute of Limitations has long since run for the year 1976, pursuant to Title 26USC6501.

---

[3]All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.

[4]A portion of the income tax deficiency is attributable to self-employment tax determined to be due for the taxable year 1976 and 1977 as follows: $1,209 and $1,304, respectively.

[5]Gross income earned by a husband and a wife domiciled in Texas is taxable one-half to each spouse, irrespective of who earned the income. United States v. Mitchell, 403 U.S. 190 (1971); Hopkins v. Bacon, 282 U.S. 122 (1930); Tex. Fam. Code Ann. tit. 1, secs. 5.01, 5.22 (Vernon 1975).

[6]Petitioner's spouse, Betty W. Jarvis, is petitioner in a related case, docket No. 15461–81, involving the identical issues present herein. Her petition was also filed on June 29, 1981.

## SECOND CLAIM

4.    The Notice of Deficiency is defective and unenforceable because the Respondent does not cite which statutory law the Petitioner violated. The Notice of Deficiency has the effect and force of a court judgment without any authority thereon. No where in the Notice of Deficiency does the Respondent cite which income tax law Petitioner owes an income tax. There are many income tax sections in Title 26USC. The only laws cited in the said Notice of Deficiency are penalty laws, Sections 6651(a), 6653(a), and 6654 of Title 26, USC. There cannot be a penalty without violating some law. Since Respondent does not cite which law Petitioner violated then the Notice of Deficiency must be determined to be defective and invalid by this Tax Court.

## THIRD CLAIM

5.    Petitioner is not a person under some of the income tax laws in Title 26, USC, and since Petitioner does not know under which income tax law the tax is due Petitioner is deprived of due process of law and equal protection of the laws which once again shows the Notice of Deficiency is defective and invalid.

## FOURTH CLAIM

6.    Petitioner's constitutional rights, Fifth Amendment to the U.S. Constitution, is [sic] violated by the Notice of Deficiency because the Respondent has no authority to issue a deficiency of tax against the Petitioner except according to cited law on a Notice of Deficiency. This the Respondent has not done—causing the Notice of Deficiency to be defective and invalid.

As recited earlier, the petition was filed on June 29, 1981. Thereafter, on August 10, 1981, respondent filed his answer, in which he denied the allegations of paragraphs 3, 4, 5, and 6 of the petition and further asserted as a defense to the statute of limitations claim for the year 1976, that petitioner did not file an income tax return for the taxable year 1976 and, thus, the tax determined to be due for that year may be assessed or collected at any time under section 6501(c)(3). No reply has been filed. Hence, the pleadings are closed. See Rules 34, 36, 37, and 121.

On December 9, 1981, respondent filed his motion now pending before the Court asserting that the only factual issue raised in the petition is the statute of limitations issue, but since the Form 1040 petitioner submitted to the Internal Revenue Service does not disclose his income or tax liability, it does not constitute a Federal income tax return and, therefore, the statute of limitations has not run. Attached to respon-

dent's motion is an affidavit of David W. Johnson, respondent's trial attorney. The affidavit, subscribed and sworn to under oath, states, in relevant portion, as follows:

1.    I am employed as an attorney in the Office of District Counsel, Houston, Texas.

2.    In connection with my employment, the above-captioned case [this case] involving taxable years 1976 and 1977 was assigned to me for trial.

3.    In connection with my trial preparation * * * , I have examined the administrative file in said case [this case].

4.    The copy of the Form 1040 attached to Respondent's Motion for Summary Judgment in this case as Respondent's Exhibit A is a true and complete copy of the original Form 1040 in the administrative file.

5.    Upon review of the administrative file, the pleadings, and the Form 1040 for 1976, Respondent's Exhibit A, it is my belief there is no genuine issue as to any material fact left for trial as supported by the record.

In his opposition to respondent's motion, filed on January 11, 1982, petitioner contends that a "party's attorney may not be a witness" in the case and, therefore, respondent's motion is defective and the affidavit is hearsay. Petitioner further asserts that respondent has failed to attach materials to his affidavit which prove the correctness of the notice of deficiency.[7] Finally, petitioner has moved for oral arguments in his domicile.

Respondent in his response to petitioner's opposition, filed on February 5, 1982, argues under Rule 34(b) that any issue not raised in the assignment of errors shall be deemed conceded and, thus, has limited his argument to the statute of limitations issue. He suggests further that petitioner's request that a hearing be held in his domicile is solely for purposes of delay.

Since petitioner has raised a question of the validity of respondent's motion, we will discuss that matter first. Petitioner maintains that respondent's motion is defective because it is supported by an affidavit of respondent's trial attorney. Although there is no provision in our rules approving or

---

[7]The short answer to that assertion is that the determinations made by respondent in his notice of deficiency are presumed correct, the burden is on petitioner to show that those determinations are wrong, and the imposition of the burden of proof is constitutional. *Welch v. Helvering,* 290 U.S. 111 (1933); *Rockwell v. Commissioner,* 512 F.2d 882, 887 (9th Cir. 1975), cert. denied 423 U.S. 1015 (1975); Rule 142(a).

prohibiting the filing of an affidavit by counsel for a party in the case, Rule 121(d), states generally:

(d) Form of Affidavits; Further Testimony; Defense Required: *Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or filed therewith.* The Court may permit affidavits to be supplemented or opposed by answers to interrogatories, depositions, further affidavits, or other acceptable materials, to the extent that other applicable conditions in these Rules are satisfied for utilizing such procedures. *When a motion for summary judgment is made and supported as provided in this Rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this Rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, a decision, if appropriate, may be entered against him.*[8] [Emphasis supplied.]

Here, petitioner does not contest the truthfulness of Mr. Johnson's statements nor the authenticity of the copy of the Form 1040 for 1976, and, more importantly, the statements relate solely to a matter of formality. Respondent's counsel has attested to the authenticity of the copy of the Form 1040 attached to his motion, of which he clearly had personal knowledge since the administrative file is in his possession and control. Moreover, the 1976 Form 1040 would clearly be admissible in evidence.

The Federal courts have consistently held that the affidavit of a party's attorney may be submitted where made on personal knowledge and based on facts that would be admissible in evidence. *Automatic Radio Mfg. Co. v. Hazeltine Research, Inc.*, 339 U.S. 827, 831 (1950); *Inglett & Co. v. Everglades Fertilizer Co.*, 255 F.2d 342, 349 (5th Cir. 1958); *Mercantile National Bank at Dallas v. Franklin Life Insurance Co.*, 248 F.2d 57, 59 (5th Cir. 1957); *Lacey v. Lumber Mut. Fire Ins. Co. of Boston*, 554 F.2d 1204, 1205 (1st Cir. 1977); *Schiess-Froriep Corp. v. S. S. Finnsailor*, 574 F.2d 123, 126 (2d Cir. 1978); *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578–579 (2d Cir. 1969); *King v. National*

---

[8]See and compare rule 56(e), Fed. R. Civ. P., from which Rule 121(d) is derived, almost verbatim. See 60 T.C. 1127–1128. See also disciplinary rules 5–101 and 5–102, Model Code of Professional Responsibility, and the exceptions there stated.

*Industries, Inc.*, 512 F.2d 29, 33–34 (6th Cir. 1975); *Chambers v. United States*, 357 F.2d 224, 228 (8th Cir. 1966); *Hoston v. J. R. Watkins Co.*, 300 F.2d 869, 870 (9th Cir. 1962); *Bumgarner v. Joe Brown Co.*, 376 F.2d 749, 750 (10th Cir. 1967), cert. denied 389 U.S. 831 (1967). See also 6 Part 2 J. Moore's Federal Practice par. 56.22[1], at 56–1320 to 56–1321 (2d ed. 1948). Indeed, in *Sartor v. Arkansas Natural Gas Corp.*, 321 U.S. 620, 623 (1944), rehearing denied 322 U.S. 767 (1944), the Supreme Court allowed the submission of and relied on the affidavit of plaintiff's counsel.

Therefore, where respondent's attorney is simply attesting to the custody of the administrative file and the authenticity of a copy of a document contained therein, merely formal matters, there is no violation of this Court's Rules of Practice and Procedure or the Federal Rules of Civil Procedure.

This brings us to the last paragraph of the affidavit where respondent's counsel states:

Upon review of the administrative file, the pleadings, and the Form 1040 for 1976, Respondent's Exhibit A, it is my belief there is no genuine issue as to any material fact left for trial as supported by the record.

As we have previously noted, affidavits must be based on personal knowledge and not belief. However, this statement does not invalidate the entire affidavit, but that statement will not be considered. *William J. Kelly Co. v. Reconstruction Finance Corp.*, 172 F.2d 865, 867 (1st Cir. 1949); *Perma Research & Development Co. v. Singer Co.*, *supra* at 578–579; *Inglett & Co. v. Everglades Fertilizer Co.*, *supra* at 349. Hence, despite petitioner's protestations to the contrary, respondent's motion is not defective.

This brings us to a consideration of the petition filed herein. Petitioner's assertion of the statute of limitations as a defense is baseless. His 1976 Federal income tax return was due to be filed on or before April 15, 1977. Petitioner submitted a signed Form 1040 to the Internal Revenue Service reporting income and tax as follows:

*Line*

| | | | | |
|-----|-------------------------|---|-----------|---------|
| 9 | Wages, Salaries, Tips | - | Less Than | $85.00 |
| 10a | Dividends | - | Less Than | 15.00 |
| 11 | Interest Income | - | Less Than | 31.00 |
| 12 | Income Other Than Wages | - | Less Than | 36.00 |

| 13 | Total | | - Less Than | $ 167.00 |
|----|-------|---|-------------|----------|
| 14 | Adjusted Gross Income | | - Less Than | 167.00 |
| 16 | Tax | | - | NONE |
| 17 | Credits | F.R.N.[9] | - | " |
| 18 | Income Tax | | - | NONE |
| 19 | Other Taxes | | - | NONE |
| 20 | Total | | - | NONE |
| 21a | Total Federal Income Tax Withheld | | - | NONE |
| 21b | 1976 Estimated Tax Payments | | - | NONE |

The cover page of the Form 1040 is circumscribed with constitutional objections. Attached to that Form are 11 pages throughout which petitioner asserts a plethora of constitutional objections.[10]

The determination of what is an adequate return is a legal question to be decided by this Court. *United States v. Moore*, 627 F.2d 830 (7th Cir. 1980), cert. denied 450 U.S. 916 (1981).

Here, we are again being forced to grapple with the definition of a "return."[11] In *United States v. Porth*, 426 F.2d 519, 523 (10th Cir. 1970), cert. denied 400 U.S. 824 (1970), where the "return" was completely devoid of information concerning income, the Court stated—

A taxpayer's return which does not contain any information relating to the taxpayer's income from which the tax can be computed is not a return

---

[9]F.R.N. means Federal reserve notes.

[10]We need not and will not discuss those myriad objections herein for they are neither necessary nor relevant to our disposition of respondent's motion. Suffice it to say those objections have been decided adversely to petitioner's contentions by this and other courts on occasions too numerous to recall herein. A cursory review of this record leaves little doubt but that petitioner is another in a seemingly unending parade of tax protesters. Indeed, he warns—"This Country started with a TAX REVOLT, and it will be restored with another one. We did not throw out King George III to put in the I.R.S."

[11]See *Reiff v. Commissioner*, 77 T.C. 1169 (1981), where the Form 1040 submitted did not contain sufficient data from which respondent could compute and assess petitioners' 1977 income tax liability; *Conforte v. Commissioner*, 74 T.C. 1160 (1980), on appeal (9th Cir., Aug. 28, 1981), where no gross income figures appeared on the Forms 1040 submitted; *White v. Commissioner*, 72 T.C. 1126 (1979), where substantially blank, unsigned Forms 1040 were submitted; *Hatfield v. Commissioner*, 68 T.C. 895, 898 (1977), where no income and no tax was reported on the submitted Form 1040; *Cupp v. Commissioner*, 65 T.C. 68, 79 (1975), affd. without published opinion 559 F.2d 1207 (3d Cir. 1977), where the Forms 1040 submitted contained no figures as to income and deductions. In all of these cases, we held that the Forms 1040 submitted did not constitute returns.

within the meaning of the Internal Revenue Code or the regulations adopted by the Commissioner. * * * [Citations omitted.]

Our review of the cases in this area discloses that the *Porth* test has been adopted by almost all courts. However, what the result should be when the form does include some income figures, even if inaccurate or incomplete, is not entirely clear. In *United States v. Brown*, 600 F.2d 248, 251 (10th Cir. 1979), cert. denied 444 U.S. 917 (1979), where the taxpayer submitted a Form 1040 reporting small amounts, such as $22.50, in "constitutional" dollars (silver certificates or silver coin), the court found that form to be "tantamount to no return at all."[12] Still later, in *United States v. Smith*, 618 F.2d 280 (5th Cir. 1980),[13] cert. denied 449 U.S. 868 (1980), where two Forms 1040 containing zeros on every line were submitted to the Internal Revenue Service, the court found those forms did not constitute "returns."[14] Thereafter, in *United States v. Moore*, *supra*, the taxpayer submitted amended Forms 1040 to the Internal Revenue Service on which he noted Fifth Amendment objections (see *United States v. Johnson*, 577 F.2d 1304, 1311 (5th Cir. 1978), and *Thompson v. Commissioner*, 78 T.C. 558 (1982)) and on which he reported "de minimis" amounts of interest and dividend income. There, the court, in holding that those forms did not constitute returns, stated at page 835—

The mere fact that a tax could be calculated from information on a form, however, should not be determinative of whether the form is a return. * * * there must also be an honest and reasonable intent to supply the information required by the tax code. * * * [Citations omitted.]

      *       *       *       *       *       *       *

In the tax protestor cases, it is obvious that there is no "honest and genuine" attempt to meet the requirements of the code. In our self-reporting tax system the government should not be forced to accept as a return a document which plainly is not intended to give the required information.

Here, we are confronted with a situation where petitioner

---

[12]Accord *United States v. Edelson*, 604 F.2d 232, 234 (3d Cir. 1979). See also *United States v. Farber*, 630 F.2d 569 (8th Cir. 1980), cert. denied 449 U.S. 1127 (1981).

[13]We observe that venue on appeal in this case would lie in the U.S. Court of Appeals for the Fifth Circuit.

[14]But see and compare *United States v. Long*, 618 F.2d 74, 75 (9th Cir. 1980), which reached an opposite result.

reports each income item on the 1976 Form 1040 as "Less Than" a specified "de minimis" amount.[15] As we view this record, petitioner, whose wife was a housewife in 1976, by his own admission was in the real estate sales business during 1976. Respondent determined that petitioner received in excess of $106,000 in gross receipts from that business during 1976, one-half of which was determined by respondent to be petitioner's share of community gross receipts. Nowhere in this record has petitioner properly challenged that determination. It is crystal clear that petitioner is an individual required to file a Federal income tax return for 1976. Secs. 6011 and 6012 and the regulations thereunder. In our opinion, this record is stronger than that in *United States v. Brown, supra, United States v. Smith, supra,* and *United States v. Moore, supra,* for holding that the 1976 Form 1040 does not constitute a return. We so hold. In such posture, under section 6501(c)(3), the statute of limitations has not tolled for the purpose of assessing the income tax deficiencies and additions to the tax for 1976.

The principal contention raised in the petition is that the notice of deficiency is "defective and unenforceable because the Respondent does not cite which statutory law the Petitioner violated." The Internal Revenue Code of 1954 in neither section 6212(a) nor elsewhere prescribes the form of a notice or the specifics to be contained therein. *Mayerson v. Commissioner,* 47 T.C. 340, 348 (1966); *Estate of Eversole v. Commissioner,* 39 T.C. 1113, 1119–1120 (1963); *Barnes v. Commissioner,* 408 F.2d 65, 68 (7th Cir. 1969), affg. *Barnes Theatre Ticket Service, Inc. v. Commissioner,* a Memorandum Opinion of this Court. The notice of deficiency herein involved was sufficient to fairly advise petitioner that deficiencies in income taxes and additions to the tax had been determined and the years and amounts thereof. See *Olsen v. Helvering,* 88 F.2d 650, 651 (2d Cir. 1937), where the court cogently stated, "the notice is only to advise the person who is to pay the deficiency that the

---

[15]See *Cline v. Commissioner,* T.C. Memo, 1982–44, where in the space on the Form 1040 provided for interest income there appeared the notation "less than $750.00." There, for that and other reasons, we found the Form 1040 not to constitute a return. There, too, under the Rule enunciated in *Golsen v. Commissioner,* 54 T.C. 742 (1970), affd. on other issues 445 F.2d 985 (10th Cir. 1971), we followed the holding of the Fifth Circuit in *United States v. Smith,* 618 F.2d 280 (5th Cir. 1980), cert. denied 449 U.S. 868 (1980). We do likewise here.

Commissioner means to assess him; anything that does this unequivocally is good enough." Thus, the Commissioner was not required to cite statutory law which petitioner had violated. The notice is not invalid and does not deprive petitioner of due process of law and equal protection of the law[16] or violate the Fifth Amendment.[17]

Petitioner alleges in his opposition to respondent's motion that the U.S. Court of Appeals for the Fifth Circuit has held that on a motion for summary judgment, a hearing is mandated. Petitioner failed to give a citation. We can find no case which so holds. We take petitioner's statement as a reference to *Georgia Southern & Florida Ry. v. Atlantic Coast Line R.R.*, 373 F.2d 493 (5th Cir. 1967), cert. denied 389 U.S. 851 (1967). In that case, the plaintiff sought a preliminary injunction in the U.S. District Court, and on the date that motion was to be argued, the defendant moved to dismiss for failure to state a claim. The defendant submitted affidavits; testimony of witnesses and oral argument were heard. Several weeks thereafter, the District Court dismissed the complaint.[18] The Court of Appeals for the Fifth Circuit, in reversing, based its decision on the absence of any prior notice given before the hearing on the preliminary injunction motion that would indicate that a summary judgment might result therefrom. *Georgia Southern & Florida Ry. v. Atlantic Coast Line R.R.*, *supra* at 497. That case is clearly distinguishable. Here, petitioner clearly had notice that respondent was moving for summary judgment, which motion was served on petitioner on December 11, 1981, along with the Court's notice of filing of respondent's motion, which afforded petitioner an opportunity to file a response to respondent's motion on or before January 11, 1982. Petitioner filed a response in opposition to respondent's motion on January 11, 1982, together with his own affidavit.

Moreover, the Court of Appeals for the Fifth Circuit in *Kibort v. Hampton*, 538 F.2d 90, 91 (5th Cir. 1976), has said:

---

[16]See *Holmes v. Commissioner*, T.C. Memo. 1963-55.

[17]See *Wilkinson v. Commissioner*, 71 T.C. 633 (1979).

[18]Defendant's motion to dismiss was treated as a motion for summary judgment because matters outside the pleadings were considered. See rule 12(c), Fed. R. Civ. P.

"hearing" does not necessarily mean an oral hearing. What the rule [rule 56(c), Fed. R. Civ. P.] contemplates is 10 day advance notice to the adverse party that the matter will be heard and taken under advisement as of a certain day. This provides the adverse party with an opportunity to prepare and submit affidavits, memoranda and other materials for the court to consider when ruling on the motion. If the adverse party is given this opportunity, then he has been heard within the meaning of Rule 56. [Fn. ref. omitted.]

See also *Smart v. Jones*, 530 F.2d 64, 65 (5th Cir. 1976), cert. denied 429 U.S. 887 (1976); *Erco Industries Ltd. v. Seaboard Coast Line R.R.*, 644 F.2d 424, 431 (5th Cir. 1981); *Barker v. Norman*, 651 F.2d 1107, 1118–1119 (5th Cir. 1981).

Thus, we can properly deny petitioner's request for an oral hearing in his domicile where he has had adequate notice and opportunity to respond to respondent's motion. See *Spark v. Catholic University of America*, 510 F.2d 1277, 1280 (D.C. Cir. 1975). In fact, our method of disposing of this case is clearly provided for in Rule 50(b) and the note thereunder, 60 T.C. 1091:

(b) Disposition of Motions: A motion may be disposed of in one or more of the following ways, in the discretion of the Court:

(1) The Court may take action after directing that a written response be filed. In that event, the motion shall be served upon the opposing party, who shall file such response within such period as the Court may direct. Written response to a motion shall conform to the same requirements of form and style as apply to motions.

\*       \*       \*       \*       \*       \*       \*

(3) The Court may take such action as the Court in its discretion deems appropriate, on such prior notice, if any, which the Court may consider reasonable. The action of the Court may be taken with or without written response, hearing, or attendance of a party to the motion at the hearing.

### Note

Par. (b) is a new provision, which largely reflects present practice. Such a provision does not appear in the present T.C. Rules. Three main procedures for disposing of a motion are indicated here, dependent on the nature of the motion and the discretion of the Court. The Court may defer disposition until a written response is made, without providing for a hearing. The Court may hold a hearing, with or without a written response. The Court may dispose of a motion without a written response and without a hearing. Cf. present T.C. Rule 17(c)(2). In the discretion of the Court, the procedure followed in particular instances may consist of combinations or variations of these methods. They are not intended to be alternative or exclusive.

Hearings on motions have been held mainly at Washington. Where

convenient and feasible, this rule permits them to be held elsewhere upon written application.

Clearly, then, under our Rules, whether to calendar a motion for hearing lies within the sound discretion of the Court. On this very point, which is equally applicable here, in *Egnal v. Commissioner*, 65 T.C. 255, 263 (1975), we stated:

> Petitioners seek an opportunity to present proof of the factual allegations made in the petitions. They are entitled to that opportunity only if it could result in a redetermination of the deficiencies found by respondent. In these cases, it would be useless for us to hear the proffered evidence, because we have concluded that the legal theories relied upon by petitioners to reduce their taxes are erroneous.

Petitioner's request for an oral hearing in his domicile will be denied.

With respect to the petition in its entirety, Rule 34(b) provides in pertinent part that the petition in a deficiency action shall contain "clear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability" and "clear and concise lettered statements of the facts on which petitioner bases the assignments of error." Other than petitioner's allegation of error respecting the statute of limitations for the taxable year 1976, *no* justiciable error has been alleged in the petition with respect to the Commissioner's determination of the deficiencies in income taxes and additions to the tax, and *no* facts in support of such error are extant therein.[19]

Rule 121(b) provides, in salient part, "A decision shall thereafter be rendered if the pleadings, * * * and any other acceptable materials, together with the affidavits, * * * show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Here, petitioner has failed to submit any information which contradicts respondent's factual determinations. On the basis of the pleadings, respondent's affidavit, and attached exhibit, respondent has demonstrated to our satisfaction that there is no genuine issue as to any material fact present in this record

---

[19]Rule 34(b)(4), in such circumstance, provides in pertinent part, "Any issue not raised in the assignment of errors shall be deemed to be conceded."

and, thus, that respondent is entitled to a decision as a matter of law. In such posture, summary judgment is a proper procedure for disposition of this case. Respondent's motion for summary judgment will be granted.

*An appropriate order and decision will be entered.*