JOHN M. STAMPER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Stamper v. Commissioner
Docket No. 21145-82.
United States Tax Court
T.C. Memo 1983-248; 1983 Tax Ct. Memo LEXIS 535; 46 T.C.M. (CCH) 46; T.C.M. (RIA) 83248; May 5, 1983. *535 Held, in these circumstances, respondent's determinations of an income tax deficiency and an addition to the tax under sec. 6653(a), I.R.C. 1954, sustained. Held further, damages are awarded to the United States in the amount of $500 since this proceeding was instituted merely for delay. Sec. 6673, I.R.C. 1954. John M. Stamper, pro se. David W. Johnson, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Francis J. Cantrel for the purpose of considering and ruling on respondent's Motion for Summary Judgment. After a review of *536 the record, we agree with and adopt his opinion which is set forth below. [1]
OPINION OF THE SPECIAL TRIAL JUDGE CANTREL, Special Trial Judge: This case is before the Court on respondent's Motion for Summary Judgment filed on February 25, 1983, pursuant to Rule 121, Tax Court Rules of Practice and Procedure.[2] Therein respondent seeks summary adjudication in his favor on all of the legal issues in controversy, i.e., the determined income tax deficiency and addition to the tax under section 6653(a)[3] and an award of damages under section 6673. Respondent, in his notice of deficiency issued to petitioner on May 18, 1982, determined a deficiency in petitioner's Federal *537 income tax and an addition to the tax under section 6653(a) for the taxable calendar year 1980 in the amounts of $830.00 and $41.50, respectively. The only adjustment to income determined by respondent in his deficiency notice was for the disallowance of $7,384, claimed by petitioner as a "coversion figure" on his 1980 Federal income tax return. Petitioner timely filed his petition herein on August 20, 1982 (the United States Postal Service's postmeter stamp date on the envelope in which the petition was received by the Court is August 16, 1982). Respondent filed his answer on October 12, 1982, wherein at paragraphs 11.(a) through (e) he makes affirmative allegations of fact in support of his claim for an award of damages. Petitioner filed no reply, the time for the filing of which expired on November 21, 1982. Hence, the affirmative allegations of respondent's answer are deemed denied. However, the pleadings are deemed closed and respondent's motion was filed more than 30 days after the pleadings were closed. See Rules 34, 36, 37, 38, and 121. FINDINGS OF FACT Petitioner's legal address on the date he filed his petition was Post Office Box 707, Belton, Texas. He filed *538 an Individual 1980 Federal income tax return with the Internal Revenue Service. On line 8 of that return he reported wage income of $8,205. Attached to the return are copies of Forms W-2 (Wage and Tax Statements) showing wages paid to petitioner in 1980 by the following employers in the following respective amounts: Source
Amount
Delta Centrifugal Corp.
$6,670.30
Western Oil Transportation Co.
601.40
United Parcel Service, Inc.
131.92
Halliburton Company
801.18
$8,204.80
On line 28 of his 1980 return petitioner reduced his wage income by $7,384 labelling said reduction as a "conversion figure". On line 31 he reports his adjusted gross income to be $821, which he describes as "fair market value". He reported no tax due on that return and sought a refund of the entire amount of the Federal income tax withheld by his employers amounting to $1,424. Respondent, in his notice of deficiency upon which the petition herein is predicated, gave the following reasons for his disallowance of the claimed "conversion figure"-- "It is determined that you are not allowed a deduction for the conversion figure of $7,384.00 as claimed on your income tax return for *539 1980, since this does not constitute an allowable deduction. Accordingly, your tax table income is increased $7,384.00 for the tax year 1980. On your income tax return(s) for the taxable year(s) 1980, you claimed a reduction in your taxable income for 'fair market value' (or 'conversion figure - fair market value'). You are advised that the United States Tax Court and other federal courts have repeatedly rejected the 'fair market value' reduction in income as 'frivolous', and have held that all income, including amounts paid in Federal Reserve Notes, are reportable in their full face value. See for example, Miller v. Commissioner, T.C.M. 1978-459, affd.634 F.2d 1134 (8th Cir. [1980]), cert. denied,451 U.S. 942 (1981); Sortillon v. Commissioner, T.C.M. 1979-281 and T.C.M. 1982-76; Cline v. Commissioner, T.C.M. 1982-44; Perkins v. Commissioner, T.C.M. 1977-80, affd. unpublished order (9th Cir. 1978); Seigler v. Commissioner, T.C.M. 1979-326; Mathes v. Commissioner, T.C.M. 1977-220; Combs v. Commissioner, T.C.M. 1977-388; Upton v. Commissioner, T.C.M. 1980-325, among others." [4]
*540 Petitioner filed individual 1976 and 1977 Federal income tax returns with the Internal Revenue Service whereon he reported the wage income which he received in each respective year and took no deduction for a "conversion figure". Petitioner filed an Individual 1978 Federal income tax return with the Internal Revenue Service. On line 8 of that return he reported wage income of $7,046.40. Attached to that return are copies of Forms W-2 (Wage and Tax Statements) reflecting wages (as reported) paid to petitioner in 1979 by two employers. On line 28 of the return petitioner claimed a deduction of $5,872 describing the deduction "Fair Market Value". He reported no tax due on that return and claimed a refund of $989.49, the entire amount of Federal withholding tax withheld by his employers. Respondent, on June 12, 1980, issued a notice of deficiency to petitioner for the taxable year 1978 in which he determined a deficiency in petitioner's Federal income tax and an addition to the tax in the respective amounts of $624 and $31.20. Therein respondent disallowed the claimed "Fair Market Value" deduction on the following grounds-- "It is determined that you are not allowed a deduction *541 for employee business expense (fair market value) of $5,872.00 as claimed on your income tax return for 1978 since it has not been established that this amount constitutes an allowable deduction. Accordingly, your taxable income is increased $5,872.00 for the tax year ended December 31, 1978." Petitioner filed an Individual 1979 Federal income tax return with the Internal Revenue Service. On line 8 of that return he reported wage income of $13,453.00, Attached to that return are copies of Forms W-2 (Wage and Tax Statements) showing wages (as reported) paid to petitioner in 1979 by two employers. On line 24 of that return petitioner claimed a deduction of $12,332.00, labelling said deduction "Fair Market Value". He reported no tax due on that return and claimed a refund of $2,191.00, the entire amount of Federal withholding tax withheld by his employers. Respondent, on January 15, 1981, mailed a notice of deficiency to petitioner determining therein a deficiency in petitioner's Federal income tax and an addition to the tax for the taxable year 1979 in the amounts of $1,957.00 and $97.85, respectively. In that notice respondent disallowed the claimed "Fair Market Value" deduction *542 for the following reasons-- "It is determined that you are not allowed a deduction for employee business expense (fair market value) of $12,332.00 as claimed on your income tax return for 1979 since said amount does not constitute an allowable deduction. Accordingly, your taxable income is increased $12,332.00 for the taxable year ended December 31, 1979." On November 17, 1980 and July 6, 1981 the deficiencies in tax and additions to the tax for 1978 and 1979, respectively, were assessed and notices thereof were issued to petitioner. OPINION Rule 34(b) provides in pertinent part that the petition in a deficiency action shall contain "clear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability" and "clear and concise lettered statements of the facts on which petitioner bases the assignments of error". It is clear beyond doubt that the petition raises no justiciable error respecting the Commissioner's determinations and no justiciable facts with respect thereto are extant therein. [5]
*543 In our view, based upon the record in this case in its entirety, petitioner is yet another in a seemingly unending parade of tax protesters bent on glutting the docket of this Court and others with frivolous claims. We answer his frivolous claims hereinbelow. Petitioner, at pragraph 9.(d) of his petition alleges--"At no time during calendar year 1980 did the petitioner receive wages". [6] At paragraph 2 thereof he states--"The petitioner did not file a proper return of income for the period here involved". We agree. Gross income means all income from whatever source derived including (but not limited to) wages. It includes income received in any form, whether in money, property, or services. Section 61. Income as defined under the Sixteenth Amendment is "gain derived from capital, from labor, or from both combined". Eisner v. Macomber,252 U.S. 189 (1920). Section 61 encompasses all realized accessions *544 to wealth. Commissioner v. Glenshaw Glass Co.,348 U.S. 426 (1955). See United States v. Buras,633 F.2d 1356, 1361 (9th Cir. 1980), where the Court said--"* * * the Sixteenth Amendment is broad enough to grant Congress the power to collect an income tax regardless of the source of the taxpayer's income". [Citations omitted.] "One's gain, ergo his 'income' from the sale of his labor is the entire amount received therefor without any reduction for what he spends to satisfy his human needs". Reading v. Commissioner,70 T.C. 730 (1978), affd. 614 F.2d 159 (8th Cir. 1980). "Although the wages [gross income] received by [petitioner] may represent no more than the time-value of [his] work, they are nonetheless the fruit of [his] labor, and therefore represent gain derived from labor which may be taxed as income". [Emphasis added.] Rice v. Commissioner,T.C. Memo. 1982-129, and cases cited therein. [7]
*545 Petitioner's prncipal contention would seem to be that his 1980 wages consisted of notes and that he had to report, for Federal income tax purposes, only the fair market value of the notes he received. Such constention is patently frivolous. United States v. Benson,592 F.2d 257 (5th Cir. 1979); [8]Mathes v. Commissioner,576 F.2d 70 (5th Cir. 1978); United States v. Ware,608 F.2d 400 (10th Cir. 1979), rehearing and rehearing en banc denied Oct. 25, 1979; United States v. Anderson,584 F.2d 369 (10th Cir. 1978); Sibla v. Commissioner,68 T.C. 422 (1977), affd. 611 F.2d 1260 (9th Cir. 1980); Gajewski v. Commissioner,67 T.C. 181 (1976), affd. without published opinion 578 F.2d 1383 (8th Cir. 1978). The final matter for consideration is whether, in the circumstances here extant, we should award damages to the United States under section 6673[9] and, if so, in what amount. In so doing, we are mindful of the statement made in Wilkinson v. Commissioner,71 T.C. 633, 641 (1979), *546 where damages were imposed, that "We have used this power sparingly in the past". However, that statement must be weighed in the light of more recent statements. In McCoy v. Commissioner,76 T.C. 1027, 1029-1030 (1981), affd. 696 F.2d 1234 (9th Cir. 1983), we said: "It may be appropriate to note further that this Court has been flooded with a large number of so-called tax protester cases in which thoroughly meritless issues have been raised in, at best, misguided reliance upon lofty principles. Such cases tend to disrupt the orderly conduct of serious litigation in this Court, and the issues raised therein are of the type that have been consistently decided against such protesters and their contentions often characterized as frivolous. The time has arrived when the Court should deal summarily and decisively with such cases without engaging in scholarly discussion of the issues or attempting to soothe the feelings of the petitioners by referring to the supposed 'sincerity' of their wildly espoused positions." [See Hatfield v. Commissioner,68 T.C. 895, 899 (1977).] *547 Here, petitioner filed proper Federal income tax returns for 1976 and 1977 whereon he reported in full the wages he received in those years. Beginning with his 1978 return petitioner, while reporting the full wage income he received in that year, reduced the reported wages by claiming a frivolous "Fair Market Value" deduction. Similarly, on his 1979 return, he reported his full salary (wage income) for 1979 and reduced it by a claimed frivolous "Fair Market Value" deduction. Respondent issued petitioner notices of deficiency for 1978 and 1979, the last of which was issued on January 15, 1981, in each of which respondent specifically advised petitioner that the claimed "Fair Market Value" deduction "does not constitute an allowable deduction". Apparently, petitioner defaulted on those notices for the income tax deficiencies and additions to the tax were assessed, the assessments for the years 1978 and 1979 being made on November 17, 1980 and July 6, 1981, respectively. Petitioner received notice of the foregoing assessments.Totally disregarding the two prior disallowances of his claimed "Fair Market Value" deduction petitioner filed his 1980 return on or about April 15, 1981 claiming *548 thereon the same frivolous deduction. For the third time, respondent in his notice of deficiency upon which the petition herein is based, disallowed petitioner's claimed deduction. Of prime significance, in our view, respondent, in this notice, listed nine cases which are highly relevant with respect to the issues herein under consideration. Those cases conclusively inform petitioner that this Court and others have long and repeatedly held that wages are income subject to tax and that the deduction he has claimed is frivolous. Notwithstanding all of the foregoing, petitioner filed his present petition with this Court asserting, in the main, nothing but frivolous contentions. This Court and respondent have been required to consider the same issues again after petitioner has been three times advised by respondent that his claims were impermissible. Petitioners with more genuine controversies have been delayed while we considered this case involving the same issues. In these circumstances, petitioner, cannot and has not shown that he, in good faith has a colorable claim to challenge the Commissioner's determinations. Indeed, he knew when he filed the present case with this Court *549 that he had no reasonable expectation of receiving a favorable decision.There has been no change in the legal climate and in view of the extensive case precedents, no reasonably prudent person could have expected this Court to reverse itself in this situation. [10]
"When the costs incurred by this Court and respondent are taken into consideration, the maximum damages authorized by the statute ($500) do not begin to indemnify the United States for the expenses which petitioner's frivolous action has occasioned. Considering the waste of limited judicial and administrative resources caused by petitioner's action, even the maximum damages authorized by Congress are wholly inadequate to compensate the United States and its other taxpayers. These costs must eventually be borne by all of the citizens who honestly *550 and fairly participate in our tax collection system. * * *." Sydnes v. Commissioner,74 T.C. 864, 872-873 (1980), affd. 647 F.2d 813 (8th Cir. 1981). [11]
Since we conclude that this case was brought merely for delay, the maximum damages authorized by law ($500) are appropriate and will be awarded pursuant to section 6673. As indicated hereinbefore, this Court is not the only Court that has considered the imposition of damages in a proper case. In yet another tax protester situation, where one of the issues was whether the U.S. Constitution forbids taxation of compensation received *551 for personal services, the Fifth Circuit Court of Appeals stated in late 1981-- "Appellants' contentions are stale ones, long settled against them. As such they are frivolous. Bending over backwards, in indulgence of appellants' pro se status, we today forbear the sanctions of Rule 38, Fed. R. App. P. We publish this opinion as notice to future litigants that their continued advancing of these long-defunct arguments invites sanctions, however." [Lonsdale v. Commissioner,661 F.2d 71, 72 (5th Cir. 1981), affg. T.C. Memo. 1981-122.][12]
On July 7, 1982, the Court of Appeals for the Ninth Circuit, in affirming, percuriam, an unreported decision entered by this Court in a tax protester case [13] said-- "Meritless appeals of this nature are becoming increasingly burdensome on the Federal Court system. We find this appeal frivolous,Fed. *552 R. App. 38, and accordingly award double costs to appellee [the Commissioner of Internal Revenue]." (Emphasis added.) Petitioner, in his objection filed on April 6, 1983, which we find to be without merit, exhorts "I want my day in court".On this very point, which is equally applicable here, in Egnal v. Commissioner,65 T.C. 255, 263 (1975), we stated: "Petitioners seek an opportunity to present proof of the factual allegations made in the petitions. They are entitled to that opportunity only if it could result in a redetermination of the deficiencies found by respondent. In these cases, it would be useless for us to hear the proffered evidence, because we have concluded that the legal theories relied upon by petitioners to reduce their taxes are erroneous." Moreover, in these circumstances, petitioner is not entitled to an oral hearing on respondent's motion. The Court of Appeals for the Fifth Circuit in Kibort v. Hampton,538 F.2d 90, 91 (5th Cir. 1976), *553 has said: "'[H]earing' does not necessarily mean an oral hearing. What the rule [Rule 56(c), Fed. R. Civ. P.] contemplates is 10 day advance notice to the adverse party that the matter will be heard and taken under advisement as of a certain day. This provides the adverse party with an opportunity to prepare and submit affidavits, memoranda and other materials for the court to consider when ruling on the motion. If the adverse party is given this opportunity, then he has been heard within the meaning of Rule 56." [Footnote reference omitted.] [14]
Suffice it to say petitioner was given that opportunity here. Rule 121 provides that a party may move for summary judgment upon all or any part of the legal issues in controversy so long as there are no genuine issues *554 of material fact. Rule 121(b) states that a decision shall be rendered "if the pleadings * * * and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law". However, the summary judgment procedure is available even though there is a dispute as to fact under the pleadings, but, through materials outside the pleadings, it is shown that there is no genuine issue of material fact.Such outside materials may consist of affidavits, interrogatories, admissions, documents, or other materials which demonstrate the absence of such an issue of fact despite the pleadings.[15]
The record here contains a complete copy of the notice of deficiency for 1980, the petition, the answer, exhibits attached to respondent's Motion (which include copies of petitioner's 1976, 1977, 1978, 1979 and 1980 Federal income tax returns with W-2 Forms attached thereto, copies of the notices of deficiency for the taxable years 1978 and 1979, certified copies of the Certificates of Assessments and Payments reflecting the *555 assessments made on November 17, 1980 and July 6, 1981, and respondent's affidavit). On this record, respondent has amply demonstrated to our satisfaction that there is no genuine issue as to any material fact and, thus, that respondent is entitled to a decision as a matter of law. In such circumstance, summary judgment is a proper procedure for disposition of this case. Respondent's Motion for Summary Judgment will be granted in every respect.
An appropriate order and decision will be entered.
Footnotes
1. Since this is a pretrial motion and there is no genuine issue of material fact, the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable in these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that rule.
2. All rule references are to the Tax Court Rules of Practice and Procedure. ↩
3. All section references are to the Internal Revenue Code of 1954, as amended.↩
4. Attached to the petition filed in this case is a copy of respondent's deficiency notice dated May 18, 1982 containing the above-quoted reasons.↩
5. In such circumstance, Rule 34(b)(4) states, in part--"Any issue not raised in the assignment of errors shall be deemed to be conceded". See Jarvis v. Commissioner,78 T.C. 646, 658 (1982); Gordon v. Commissioner,73 T.C. 736, 739 (1980). See and compare Russell v. Commissioner,60 T.C. 942, 943-944↩ (1973).
6. Such allegation is patently false as is manifest by the Wage and Tax Statements (Forms W-2) supplied by his respective employers, copies of which are in this record. Moreover, he reported the correct amount of those wages on line 8 of his 1980 return.↩
7. Indeed, for more than 66 years it has been well established that wages received in exchange for services rendered constitute taxable income. Brushaber v. Union Pac. R.R. Co.,240 U.S. 1 (1916); Tyee Realty Co. v. Anderson,240 U.S. 115 (1916). See also Hebrank v. Commissioner,T.C. Memo. 1982-496↩. Despite petitioner's protestations to the contrary, respondent did not determine that petitioner had additional unreported income, respondent's determination disallowed a claimed frivolous deduction.
8. We observe that venue on appeal of this case lies in the United States Court of Appeals for the Fifth Circuit.↩
9. Sec. 6673 provides-- "Whenever it appears to the Tax Court that proceedings before it have been instituted by the taxpayer merely for delay, damages in an amount not in excess of $500 shall be awarded to the United States by the Tax Court in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the Secretary and shall be collected as part of the tax." We note that legislation has recently been enacted by Congress which increases the amount of damages permissable under sec. 6673 from $500 to $5,000↩ for frivolous or groundless proceedings brought to this Court commencing on January 1, 1983.
10. "* * *[A] person's intent in performing an act includes not only his motive for acting (which may be defined as the objective which inspires the act), but also extends to include the consequences which he believes or has reason to believe are substantially certain to follow." Greenberg v. Commissioner,73 T.C. 806, 814↩ (1980), where damages were awarded.
11. See Sommer v. Commissioner,T.C. Memo. 1983-196; Jacobs v. Commissioner,T.C. Memo. 1982-198; Senesi v. Commissioner,T.C. Memo. 1981-723, affd.     F.2d     (6th Cir. 1983); Swann v. Commissioner,T.C. Memo. 1981-236 (dismissed 9th Cir. 1982). See also Sydnes v. Commissioner,74 T.C. 864, 870-873 (1980), affd. 647 F.2d 813 (8th Cir. 1981), and Ballard v. Commissioner,T.C. Memo. 1982-56↩, where damages were imposed on the Court's own motion.
12. Rule 38, Federal Rules of Appellate Procedure, provides -- DAMAGES FOR DELAY. If a Court of Appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to appellee.↩
13. Edwards v. Commissioner,680 F.2d 1268, 1271 (9th Cir. 1982). Accord, McCoy v. Commissioner,696 F.2d 1234 (9th Cir. 1983), affg. 76 T.C. 1027↩ (1981).
14. See also Smart v. Jones,530 F.2d 64, 65 (5th Cir. 1976), cert. denied 429 U.S. 887 (1976); Erco Industries, Ltd. v. Seaboard Coastline R.R.,644 F.2d 424, 431 (5th Cir. 1981); Barker v. Norman,651 F.2d 1107, 1118-1119 (5th Cir. 1981); Jarvis v. Commissioner,supra↩ at 656-658.
15. See Note to Rule 121(a), 60 T.C. 1127↩.