GREG L. MULLINER AND BARBARA C. MULLINER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Mulliner v. Commissioner
Docket No. 14059-82.
United States Tax Court
T.C. Memo 1983-528; 1983 Tax Ct. Memo LEXIS 263; 46 T.C.M. (CCH) 1216; T.C.M. (RIA) 83528; August 25, 1983. Joseph T. Chalhoub, for the respondent. GUSSIS
MEMORANDUM OPINION GUSSIS, Special Trial Judge: This case is before the Court on respondent's Motion for Summary Judgment filed April 1, 1983 pursuant to Rule 121, Tax Court Rules of Practice and Procedure.[1]
Respondent, in his notice of deficiency issued to petitioners on March 19, 1982, determined a deficiency in petitioners' Federal income tax for 1979 in the amount of $554 based upon the disallowance of employee business expenses in the amount of $2,855. [2] No assignments of error were *264 made in the petition filed by petitioners with the Court on June 21, 1982. Instead, petitioners simply stated in paragraph 4 of their petition that "[a]n additional 30 days will be required to set forth the full details in this matter." Respondent filed an answer to the petition on September 8, 1982. On April 5, 1983, subsequent to the filing of respondent's Motion for Summary Judgment, this Court ordered petitioners to file with the Court on or before May 26, 1983 a proper amended petition setting forth clear and concise assignments of error and the facts upon which they base these assignments of error. Petitioners failed to file a proper amended reply as directed by the Court's April 5, 1983 order. In an order issued June 2, 1983 the Court extended the time for filing a proper amended petition to June 24, 1983. As of August 3, 1983, the date of the hearing on respondent's Motion for Summary Judgment, petitioners have failed to file a proper amended petition as directed by this Court. Rule 121(b) provides *265 that a motion for summary judgment shall be granted if the "pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be entered as a matter of law." Rule 34(b) provides in pertinent part that the petition shall contain "clear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability" and "clear and concise lettered statements of the facts on which petitioner bases the assignments of error * * *". Although given ample opportunity to do so, petitioners have failed to allege any justiciable error in their petition with respect to the Commissioner's determination or any justiciable facts in support of such error. Under these circumstances it is clear that petitioners have failed to raise any genuine issues of material fact in their petition. In fact, in such a posture, Rule 34(b) explicitly provides that "[a]ny issue not raised in the assignment of errors shall be deemed to be conceded." See Jarvis v. Commissioner,78 T.C. 646, 658 (1982). *266 We must therefore conclude that there is no genuine issue of fact present in this record and that respondent is entitled to a decision as a matter of law. Respondent's motion for summary judgment will be granted. An appropriate order and decision will be entered.
Footnotes
1. All rule references are to the Tax Court Rules of Practice and Procedure unless otherwise indicated. This case was assigned pursuant to sec. 7456(c) and (d), Internal Revenue Code of 1954↩, as amended, and Delegation Order No. 8 of this Court, 81 T.C. VII (July 1983).
2. Petitioners have the burden of showing error in the determination made by the respondent. Welch v. Helvering,290 U.S. 111↩ (1933); Rule 142(a).