J. F. WILMAR JOHNSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Johnson v. Commissioner
Docket No. 22792-82.
United States Tax Court
T.C. Memo 1985-28; 1985 Tax Ct. Memo LEXIS 600; 49 T.C.M. (CCH) 542; T.C.M. (RIA) 85028; January 15, 1985. John E. Mack, for the petitioner. Mark A. Pridgeon, for the respondent. FAY MEMORANDUM OPINION FAY, Judge:* Respondent determined deficiencies in and additions to petitioner's Federal income tax as follows: Additions to Tax
Year
Deficiency
Sec. 6651(a) [1]
Sec. 6653(a)
Sec. 6654
1975
$48,854
$12,214
$2,443
$2,109
1976
44,115
11,029
2,206
1,363
1977
1,376
344
69
47
After concessions, the sole issue is whether the statute of limitations bars the assessment of a deficiency and additions to tax for 1975. The facts have been fully stipulated *602 and are so found. Petitioner, J. F. Wilmar Johnson, resided in Pine City, Minn., when he filed the petition herein. For 1975 petitioner filed with respondent a document of over 100 pages which purported to be his income tax return.The first and second pages of this document consisted of a Form 1040 captioned "Petition for Redress of Grievances" with various objections typed in the margins. [2] That form was signed by petitioner and dated April 14, 1976. It showed petitioner's name, address, social security number, filing status, and the total number of exemptions claimed.On the lines provided on that form for information concerning adjusted gross incme and components thereof, petitioner inserted asterisks which referred to his typed notation that "specific objection is taken to the specific question on the grounds of the 4th and 5th Amendment of the U.S. Constitution." Petitioner inserted the word "NONE" on lines 16 through 23 of that form, which were provided for information concerning tax, payments, credits, and balance of tax due. *603 The 12 pages immediately following the modified Form 1040 comprised a statement entitled "Petition and Protest." That statement, also signed by petitioner, contained various constitutional objections to the income tax based principally upon the 1st, 4th, 5th, 6th, 9th and 14th Amendments. The remaining pages of the document consisted for copies of certain opinions from various courts and several articles concerning tax protest which petitioner considered supportive of his position. Petitioner did not include a Form W-2 as part of the document. On June 17, 1982, respondent mailed petitioner a notice of deficiency in which he determined that petitioner had received income totalling $89,268, $72,248, and $9,480 for 1975, 1976, and 1977, respectively, and also asserted additions to tax under sections 6651(a), 6653(a), and 6654. After concessions, the sole issue is whether the statute of limitations bars the assessment of a deficiency and additions to tax for 1975. [3] Generally the amount of any tax must be assessed within three years after a return is filed. Sec. 6501(a). If the taxpayer omits from gross income an amount properly includible therein which is in excess *604 of 25 percent of the amount stated in the return, taxes may be assessed at any time within 6 years after the return was filed. Sec. 6501(e). Where no return is filed, however, taxes may be assessed at any time. Sec. 6501(c)(3). Petitioner asserts that the document he filed for 1975 constituted a return and argues, therefore, that under section 6501 respondent had, at most, six years within which to assess the tax. Respondent contends, however, that petitioner filed no return and concludes that, pursuant to section 6501(c)(3), assessment may be made at any time. Thus, resolution of the issue herein turns upon whether the document petitioner filed for 1975 constitutes a return. This Court has held that in order to constitute a return a document need not be perfectly accurate or complete as long as it purports to be a return, is sworn to as such, and evinces an honest and genuine endeavor *605 to satisfy the requirements for a return. Jarvis v. Commissioner,78 T.C. 646 (1982), and cases cited therein; Reiff v. Commissioner,77 T.C. 1169, 1177 (1981). Further, it must contain sufficient information from which respondent can compute and assess the tax liability of a particular taxpayer. A Form 1040 which fails to contain this data does not constitute a "return." Thompson v. Commissioner,78 T.C. 558, 561-562 (1982); Reiff v. Commissioner,supra.We note that the Eighth Circuit, to which an appeal in this case would lie, recently applied this test, which requires that a Form 1040 must provide sufficient information from which tax liability can be calculated in order to constitute a valid return.See United States v. Grabinski,727 F.2d 681 (8th Cir. 1984). For the following reasons, we find that the document filed by petitioner does not contain sufficient information from which petitioner's income tax liability for 1975 could be computed, nor does it represent an honest and reasonable attempt to satisfy the requirements of the tax law, and we conclude, therefore, that it does not constitute *606 a return. The document herein, consisting of over 100 pages, discloses only petitioner's name, address, social security number, filing status, and the number of exemptions claimed. Petitioner provided no information with respect to his income or deductions but, instead, asserted constitutional objections to the providing of such information. Moreover, petitioner provided no information with respect to the computation of his tax liability, and inserted the word "NONE" on the lines provided on Form 1040 for statements of his tax, payments, credits, and balance due. Finally, petitioner did not even include a Form W-2 as part of his purported return and failed to disclose the nature of his occupation. We have held in numerous other cases that documents similar to that filed by petitioner herein did not constitute returns. See e.g., Jarvis v. Commissioner,supra and cases cited therein; Stockheimer v. Commissioner,T.C. Memo. 1983-430; Germain v. Commissioner,T.C. Memo. 1983-220; Brobeck v. Commissioner,T.C Memo. 1980-239, affd. without published opinion 681 F.2d 804 (3d Cir. 1982). Thus, *607 we conclude that the document filed by petitioner does not constitute a return. Accordingly, pursuant to section 6501(c)(3), the statute of limitations does not bar the assessment of a deficiency and additions to tax for 1975. To reflect concessions and the foregoing, Decision will be entered under Rule 155.
Footnotes
*. By order of the Chief Judge dated November 5, 1984, this case was reassigned from Judge Richard C. Wilbur to Judge William M. Fay for disposition. ↩
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. The typed objections state: "I offer to amend or file again if you can show me how to do so without waiving my Constitutional rights, especially my 4th and 5th Amendment↩ rights" and "Note: I did not receive any Constitutional Dollars containing 412.5 grains of Silver."
3. Petitioner and respondent agree that if we find that assessment for 1975 is not barred by the statute of limitations, petitioner's income tax liability for that year is $7,542, with additions under secs. 6651(a), 6652(a), and 6654 of $1,885.50, $377.10, and $325.42, respectively.↩