**Paul H. and Patricia COPLIN**

v.

**The UNITED STATES.**

**No. 517–81T.**

United States Claims Court.

Feb. 14, 1983.

Andrew C. Barnard, Miami, Fla., for plaintiffs. George S. Barnard, Miami, Fla., of counsel.

Mary M. Abate, Washington, D.C., with whom was Asst. Atty. Gen. Glenn L. Archer, Jr., Washington, D.C., for defendant.

## ORDER ON DEFENDANT'S MOTION FOR A PROTECTIVE ORDER PURSUANT TO RULE 26(c)

SETO, Judge.

On December 8, 1982, defendant filed a Motion for a Protective Order pursuant to RUSCC 26(c), directing that defendant not be required to answer or otherwise respond to plaintiffs' interrogatories served October 26, 1982. On December 23, 1982, plaintiffs filed their response to defendant's motion for a protective order, and on January 7, 1983, defendant filed its reply to plaintiffs' response to defendant's motion for a protective order.

Defendant's Motion for a Protective Order petitions this court to absolve the defendant from its duty to answer plaintiffs' interrogatories served October 26, 1982. Those interrogatories seek information regarding the drafting and negotiation of Article XV of the Agreement in Implementation of Article III of the Panama Canal Treaty of 1977 (hereinafter referred to as Article XV). Article XV governs the taxation of United States employees assigned to the Panama Canal Commission, and in pertinent part reads:

> \* \* \* 2. United States citizen employees and dependents shall be exempt from any taxes, fees, or other charges on income received as a result of their work for the Commission. Similarly, they shall be exempt from payment of taxes, fees or other charges on income derived from sources outside the Republic of Panama \* \* \*.

Plaintiff, Paul H. Coplin, as an employee of the Canal Commission, is claiming to have been exempted from United States income tax by virtue of Article XV.

■ Ostensibly, defendant will rely on the underlying intent of the treaty to defend against plaintiffs' interpretation of Article XV. Plaintiffs' interrogatories seek information regarding the merits of defendant's assertions. Rule 26(b)(1) empowers the plaintiffs to discover any material relevant to defendant's case, *i.e.*, material disclosing the underlying intent of Article XV, assuming such material is not privileged. Rule 26(b)(1) reads as follows:

> (1) *In General. Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party* including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and' the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence. (Emphasis supplied).

Since the defendant has not asserted that the interrogatories inquire into privileged matters, this court finds that plaintiffs' interrogatories seek discoverable information.

■ However, defendant has motioned for a protective order to preclude further discovery by plaintiffs into the underlying intent of Article XV. Defendant has objected to plaintiffs' interrogatories numbers 1, 2, 3, and 10 which read as follows:

1. List in Chronological order of involvement the individuals involved in the actual drafting of Article XV of the agreement in implementation of Article III of the Panama Canal Treaty stating with particularity the following:
   a) name
   b) date(s) of involvement
   c) official position at time(s) of involvement
   d) current position
   e) current address
   f) current telephone number

2. Were any drafts of Article XV of the agreement in implementation of Article III of the Panama Canal Treaty suggested or reviewed prior to the final article found in the implementing agreement? If so, state the following:
   a) date of draft

b) name and position of individual who proposed draft

c) present location of draft

d) official custodian of draft

3. If an affirmative response to interrogatory # 2 above was made, were any written analyses made of the proposed draft(s)? If so, list the analyses in chronological order according to individual draft number and state the following:

a) date of analysis

b) title of analysis

c) author of analysis

d) location of analysis

e) custodian of analysis

10. List any and all other federal agencies, departments or bureaus which were involved in the drafting or renegotiation of Article XV of the Agreement in Implementation of Article III of the Panama Canal Treaty, for each listed agency, bureau or department state the following information:

a) name of agency

b) official in charge of agency

c) individual involved in the negotiation

d) position of individual involved

e) current position

f) current address

g) current telephone number

In summary, the interrogatories seek the following information: (1) the individuals who drafted Article XV; (2) the government agencies which participated in the drafting or negotiating of Article XV, and (3) the history of any drafts of Article XV.

Defendant seeks a protective order pursuant to Rule 26(c) for those interrogatories, contending that it would be redundant and unduly burdensome to answer these interrogatories, particularly since they inquire as to matters which can be allegedly discerned from documents defendant has already produced.

The documents which defendant has produced are 18 State Department documents [1] which were retrieved from the negotiating records on the Panama Canal Treaty of 1977. All of the documents are either memoranda of treaty negotiations or excerpts of reports or speeches regarding the negotiations.[2] This court concludes that the information sought in the interrogatories would not necessarily be found in the documents already produced, since those documents reflect only the negotiations themselves. These interrogatories inquire into the personnel, agencies, and documents which contributed to the negotiation of Article XV and do not inquire into the negotiations per se. Thus, answering the interrogatories should not cause defendant to undertake redundant work, from which it could be protected against, pursuant to Rule 26(c).

Therefore, it is hereby ORDERED that,

1. Defendant's Motion for a Protective Order is DENIED.

2. Plaintiffs are to bear their own expenses incurred in connection with this order, since the defendant was substantially justified in seeking a protective order in view of the difficult and complex discovery requests made by plaintiffs. See Rules 26(c) and 37(a)(4).

**1.** Only 14 of those State Department documents were actually produced. The remaining four were "classified" documents which were reviewed in camera by the undersigned judge. These four documents were not ordered produced after an in camera inspection, because the undersigned judge determined that they were neither prejudicial nor vindicative of plaintiffs' case. See Memorandum and Order on In Camera Inspection, filed January 31, 1983.

**2.** Defendant produced the State Department documents in its Memorandum Submitted Pursuant to the Judge's Order of September 20, 1982, submitted on October 29, 1982. Examples of the types of documents produced are: excerpts of a State Department telegram to United States embassies in Latin America, which recapitulated some of the progress made in the treaty negotiations; a letter from President Carter to Congress conveying the fact that the negotiators had tentatively agreed upon the treaty provisions; a Memorandum of the 21st General Meeting of the Negotiating Teams convened during May of 1977, and a draft agreement for the implementation of Treaty Article III.