WALTER A. VAMPRINE, SR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Vamprine v. Commissioner
Docket No. 11917-84.
United States Tax Court
T.C. Memo 1984-624; 1984 Tax Ct. Memo LEXIS 48; 49 T.C.M. (CCH) 210; T.C.M. (RIA) 84624; December 3, 1984. *48 Walter A. Vamprine, Sr., pro se. Kristine Roth, for the respondent. DRENNEN MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: This case was assigned to Special Trial Judge Peter J. Panuthos pursuant to Delegation Order No. 8 of this Court, 81 T.C. XXV (1983), for the purpose of considering and ruling on respondent's Motion for Judgment on the Pleadings, filed July 27, 1984. The Court agrees with and adopts his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PANUTHOS, Special Trial Judge: This case is before the Court on respondent's Motion for Judgment on the Pleadings, filed July 27, 1984, pursuant to Rule 120. [1]
Respondent determined a deficiency in petitioner's 1980 Federal income tax in the amount of $11,700.32 and an addition to the tax pursuant to section 6653(a)(1) [2] in the amount of $585.02. The principal adjustments set forth in the notice of deficiency are (1) the inclusion of income derived *49 from work for the Panama Canal Commission (hereinafter PCC); (2) disallowed claimed deduction for contributions; and (3) application of the addition to tax under section 6653(a)(1). Petitioner also raised numerous protester type allegations in his petition. At the time of filing his petition herein, petitioner resided at Kenner, Louisiana. Petitioner in his petition alleges that he was employed by the PCC. Respondent admits this allegation. Thus, there is no question of fact relating to petitioner's receipt of $34,446.88 from the PCC. With respect to the contributions adjustment [3] petitioner does not make any allegations of error in his petition. With respect to the addition to tax for negligence determined under section 6653(a)(1) the only allegation of error is in paragraph 11 of the petition which states that "All of the Commissioner's determination is in dispute and the negligence penalty is denied." No factual allegations to support error are made with respect to either the contribution issue or the section 6653(a)(1) addition. *50 With respect to the adjustment of income from the PCC respondent relies on this Court's decision in McCain v. Commissioner,81 T.C. 918 (1983) to support his position that the Panama Canal Treaty does not exempt employees of the PCC who are U.S. citizens from paying Federal income taxes on income derived from work for the commission. Petitioner relies on Coplin v. United States,1 Cl. Ct. 144 (1984), to support the proposition that money earned by an employee of the PCC who is a U.S. citizen is not subject to United States income taxation. With respect to the claimed contributions issue and the addition to tax under section 6653(a)(1) respondent argues that these adjustments are conceded by petitioner since they have not been properly pleaded under Rule 34(b)(4). OPINION Rule 120(a) provides that after the pleadings are closed and within such time as not to delay trial, any party may move for judgment on the pleadings. A motion for judgment on the pleadings is appropriate only where the pleadings do not raise a genuine issue of material fact, but rather involve issues of law. Thus, respondent's motion is to be granted only if, on the admitted *51 facts, the moving party is entitled to a decision as a matter of law. Anthony v. Commissioner,66 T.C. 367 (1976). Rule 34(b)(4) provides that the petition shall contain "* * * [c]lear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of a deficiency or liability." Further Rule 34(b)(5) provides that the petition shall contain "* * * [c]lear and concise lettered statements of the facts on which petitioner based the assignments of error, * * *." Thus, the absence in the petition of specific justiciable allegations of error and of supporting facts would be sufficient to grant respondent's motion. Jarvis v. Commissioner,78 T.C. 646, 658 (1982). With respect to the determination that petitioner received taxable income from the PCC, we believe that McCain v. Commissioner,supra, is dispositive. [4] In McCain the taxpayer, a U.S. citizen, was an employee of the PCC. The taxpayer herein, like petitioner in the present case, claimed income earned from the PCC was exempt from taxation by the United States under the terms *52 of the Panama Canal Treaty. This Court held in McCain v. Commissioner,supra at 925 that the Canal Treaty and the implementing agreement "* * * exempt petitioner from Panamanian income tax, but not from U.S. income tax, on his Panama Canal Commission income." This Court referred to the legislative history and found unambiguous confirmation of the proposition that the intent of the treaty was to exempt U.S. citizens working in the Canal Zone for the PCC from Panamania tax, not from U.S. income tax. The present case is factually identical with our previous opinion in McCain v. Commissioner,supra.[5] Accordingly, respondent's motion for judgment on the pleadings is granted with respect to this issue. With respect to the claimed contributions deduction and the addition to tax under *53 section 6653(a)(1), petitioner has failed in his petition to properly plead or state any facts in support of his position. The determination made by respondent in his notice of deficiency is presumed correct; the burden of proof is on petitioner to show that those determinations are erroneous. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). This burden applies equally to the addition to tax under section 6653(a)(1). Bixby v. Commissioner,58 T.C. 757, 791 (1972). Petitioner's failure to plead with respect to the contribution adjustment and his inadequate pleading with respect to the addition to tax under section 6653(a)(1) [6] is deemed to be a concession of these matters. Jarvis v. Commissioner,supra at 658. Thus, respondent's motion for judgment on the pleadings is granted as to the remaining issues. As a final matter, petitioner raises a number of tax protester type arguments. This Court has addressed such arguments on *54 many occasions, and will not do so now. See Rowlee v. Commissioner,80 T.C. 1111 (1983), appeal dismissed (2d Cir. 1984); Billman v. Commissioner,83 T.C. 534 (1984). None of these are meritorious. An appropriate order will be entered.
Footnotes
1. All rule references are to the Tax Court Rules of Practice and Procedure.↩
2. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
3. The notice of deficiency shows an adjustment of $34,446.88 as a disallowed contribution deduction. This is the exact amount included in income from the Panama Canal Commission. Based on the pleadings we are unable to determine the nature of this claimed deduction.↩
4. This Court has consistently held such income to be taxable, notwithstanding the Claims Court's recent decision to the contrary. See Billman v. Commissioner,83 T.C. 534, 541↩ n.6 (1984). 5. With due respect to the Claims Court, we do not agree with its conclusion in Coplin v. United States,1 Cl.Ct. 144↩ (1984).
6. No justiciable error has been alleged nor have any facts in support thereof been set forth in the petition. Rule 34(b)(4) and (5), Tax Court Rules of Practice and Procedure.↩