T.C. Memo. 2001-164


UNITED STATES TAX COURT


PATRICK S. ELLIOTT AND DONNA J. ELLIOTT, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

LARRY S. ELLIOTT AND JULIA F. ELLIOTT, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 19425-98, 19433-98.          Filed July 3, 2001.


George W. Connelly, Jr., and Linda S. Paine, for
petitioners.

David B. Mora, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GERBER, <u>Judge</u>:  Respondent determined deficiencies in income tax, additions to tax, and penalties in these consolidated[1] cases as follows:

Patrick S. and Donna J. Elliott
<u>Docket No. 19425-98</u>

| Year | Deficiency | Addition to Tax Sec. 6651(a)(1) | Penalty Sec. 6662(a) |
|------|-----------|----------------------------------|----------------------|
| 1992 | $8,787    | $2,179 | $1,757 |
| 1993 | 11,681    | ---    | 2,336  |
| 1994 | 32,325    | ---    | 6,465  |
| 1995 | 4,316     | ---    | 863    |

Larry S. and Julia F. Elliott
<u>Docket No. 19433-98</u>

| Year | Deficiency | Addition to Tax Sec. 6651(a)(1) | Penalty Sec. 6662(a) |
|------|-----------|----------------------------------|----------------------|
| 1992 | $12,330   | $2,583  | $2,466 |
| 1993 | 16,433    | 4,052   | 3,289  |
| 1994 | 48,631    | 10,376  | 9,726  |
| 1995 | 10,616    | 489     | 2,123  |

Numerous issues have been settled by the parties, leaving the following issue for our consideration:  whether the notices of deficiency sufficiently informed petitioners that they were not being allowed to offset deductions against compensation on their Forms 2106, Employee Business Expenses.[2]

---

[1] These cases have been consolidated for purposes of trial, briefing, and opinion.

[2] Petitioners do not attempt to substantiate the expenses in question.  Instead, they ask us to find they are allowable as claimed on the basis of petitioners' procedural argument.

(continued...)

FINDINGS OF FACT

Each set of petitioners, Patrick and Donna Elliott and Larry and Julia Elliott, respectively, was married and filed joint Federal income tax returns for each of the years under consideration. All petitioners resided in the State of Texas at the time their petitions were filed. Patrick and Larry, at all pertinent times, were employees, officers, and shareholders of American Energy Services, Inc. (AES). Patrick owned 30 percent of the AES stock, and he served as its vice president. Larry owned 29 percent of the AES stock and he served as its president.

Patrick and Larry received Forms W-2, Wage and Tax Statement, showing wages from AES and reported the amounts as gross income (from wages) on page 1, line 7, of their Federal income tax returns. Patrick and Larry also received Forms 1099-MISC, Miscellaneous Income, reflecting additional amounts paid to them by AES. The Form 1099-MISC income was received from AES under its employee reimbursement plan for Patrick and Larry. AES' reimbursements were made without review of the employee's expenditures and provided for reimbursement of amounts up to $40,000 annually. AES did not have an "accountable plan" for reimbursement of travel and business expenses as that term is

---

used in the regulations under section 62.[3]  Patrick and Larry

included the Form 1099-MISC nonemployee compensation on their

respective Forms 2106 in conjunction with their claims for

employee expenses.  Accordingly, the nonemployee compensation

from AES was offset by Patrick's and Larry's employee business

expenses claimed on their respective Forms 2106.  In this manner,

the offset portion of the nonemployee compensation from AES was

not included in Patrick's and Larry's gross income reported on

page 1 of their returns for each tax year.

In the process of offsetting the income and expenses on

their Forms 2106, Patrick and Larry generally treated the excess

amount of employee business expenses or nonemployee compensation

in a similar manner.  If their claimed expenses exceeded the

nonemployee compensation reflected on the Form 2106, the excess

expense amount was carried to Schedule A, Itemized Deductions,

and claimed as employee expenses deductible from adjusted gross

income.  If their nonemployee compensation exceeded their claimed

employee business expenses, then the excess compensation was

included in gross income on page 1 of their Forms 1040, U.S.

Individual Tax Return.  Patrick and Larry differed in their

---

[3] Unless otherwise indicated, section references are the
Internal Revenue Code in effect for the period under
consideration, and Rule references are to the Tax Court's Rules
of Practice and Procedure.

inclusion of the excess compensation in that one included the excess as wage income and the other as "Other Income".

Respondent determined that petitioners should have reported the nonemployee compensation as part of their gross income and not in connection with Patrick's and Larry's Forms 2106. In addition to determining that nonemployee compensation was includable in gross income, respondent also determined that the excess employee expenses over nonemployee compensation that had been claimed on the Schedules A were not allowable for failure to show them to be ordinary and necessary and/or lack of substantiation. Petitioners have conceded that respondent did not err in disallowing the excess portions of employee business expenses claimed on petitioners' Schedules A.

## OPINION

Petitioners, on Forms 2106, offset employee expenses against employee reimbursement compensation received from their company/employer. Accordingly, no portion of the compensation that had been offset was included in gross income reported on page 1 of petitioners' income tax returns. Petitioners should have included the compensation in gross income and deducted the expenses, if adequately substantiated, on Schedules A (as deductions from adjusted gross income). Respondent's determination was to simply include the compensation, unreduced by the offsetting expenses, in petitioners' gross income. In

effect, respondent's determination did not allow the offsetting expenses in calculating gross income.  Respondent explains that it was not necessary to make a further adjustment regarding the offsetting expenses, insofar as they did not exceed the compensation.  That is so because petitioners did not claim them on Schedules C, Profit or Loss From Business, or Schedules A of their returns as deductions from the gross or adjusted gross income that was used to compute petitioners' respective taxable income.  Accordingly, respondent did not expressly state that the offsetting expenses, up to the amount of the compensation, were disallowed as business deductions or as miscellaneous itemized deductions.

Petitioners argue that respondent's failure to make an express determination with respect to the employee expenses claimed on Forms 2106 results in the employee expenses' not being placed in issue.  Petitioners further argue that if the expenses are not in issue, then the Court lacks subject-matter jurisdiction over the offsetting expenses.  Next, petitioners contend that they did not raise the expenses in their petitions and therefore the expenses are allowable as reflected on their Forms 2106.

Respondent counters that his determination corresponded to petitioners' reporting approach.  Respondent determined that the nonemployee compensation is includable in gross income on page 1

of petitioners' Forms 1040 without the offset of the expenses claimed on the Forms 2106. Because the expenses were not claimed on the Schedules A as deductions from reported adjusted gross income (AGI), there was no need for respondent to expressly disallow the expenses. By increasing gross income without a reduction for the expenses, respondent contends that tacit disallowance has been effected. Under those circumstances, respondent contends that it was up to petitioners to assert the manner in which the employee expenses they had reflected on the Forms 2106 would be deductible if not allowable in offset of the compensation shown on the Forms 1099-MISC.

The parties have each postured their arguments to facilitate the result they seek. From the Court's perspective, however, the question boils down to whether respondent's determination provided sufficient information to advise petitioners that they were not receiving the benefit of the expense offset. We agree with petitioners that no express language was employed by respondent to advise petitioners that no offset of expenses was being allowed. In that regard, respondent's income-side adjustments did carry with them the implication that the setoff of the expenses was not being allowed.

Petitioners' methodology of offsetting expenses directly from what would have otherwise been reported as gross income was not permissible. From an employee's perspective, there are

generally two types of deductible expenses--those used in computing AGI and those that are deductible from AGI. Deductions used in arriving at AGI would be favored because such deductions are not subject to certain limitations, including those provided for in sections 67 and 68. Congress, in defining AGI, provided that certain reimbursed expenses of employees could be treated as deductions in computing AGI. Sec. 62(a)(2)(A). Under the section 62 regulations, a distinction is made between the so-called accountable reimbursement plans and those which are nonaccountable. If an employer establishes an accountable plan, the employees are not required to report the reimbursement in gross income. If the employer's plan is nonaccountable, the regulations provide that the employee's expenses, if properly substantiated, are allowable as deductions from AGI and subject to various limitations, including those of section 67. Sec. 1.62-2(c)(5), Income Tax Regs. Likewise, if there is no reimbursement arrangement, the employee deductions will be from AGI and not allowable under section 62(a)(2).

The parties have stipulated that AES did not have an accountable plan, and so petitioners were not entitled to offset or reduce the Form 1099-MISC compensation (nonaccountable reimbursement) by their employee expenses without including the compensation in gross income. As outlined above, petitioners were required to include the Form 1099-MISC compensation in gross

income and to claim their employee expenses, if properly substantiated, on Schedule A as a deduction from AGI, subject to certain limitations. Accordingly, we must conclude that respondent's determinations that the nonemployee compensation reflected on the Forms 1099-MISC is includable in gross income were not in error.[4]

Petitioners contend that they need not prove or justify their employee expenses because of respondent's failure to expressly state that petitioners were not entitled to claim the expenses. Petitioners argue that the offsetting expenses reflected on the Forms 2106 are not in issue and that we have no jurisdiction over them. If that were petitioners' sole argument, even if they were successful, it would have no effect on the income tax deficiencies determined by respondent.[5] That is so because petitioners used the expenses to offset compensation that

---

[4] In addition, petitioners do not question the correctness of respondent's determination that they failed to show that the excess amounts of employee expenses that were claimed on the Schedules A were ordinary and necessary or expended for the purpose stated.

[5] We must note that if respondent had merely disallowed the offsetting expenses reflected by petitioners on their Forms 2106 and had not made any adjustment to the Form 1099-MISC compensation, there would have been no resulting income tax deficiency. That is so because petitioners did not first include the compensation in the gross income that was used to compute their adjusted gross income and, ultimately, their taxable income.

had not been included in the gross income and/or used in the computation of petitioners' respective taxable income.

In his determination, respondent increased petitioners' gross income by the amount of the compensation that had been reflected on the Forms 2106. In an attempt to negate respondent's income-side determination, petitioners have argued that, without an explicit expense determination by respondent, petitioners' reported positions would remain unchanged. Petitioners make that argument in spite of the undisputed fact that their employee expenses were not allowable in offset of gross income.[6] Petitioners have attempted an end run around the error in their reporting position by arguing that they have already included the Form 1099-MISC compensation in gross income by reflecting it on the Forms 2106 and that respondent's determination is a duplication. Petitioners' duplication argument is circuitous and obviously begs the question. Because petitioners used the expenses for direct offset, the compensation was not included in the gross income petitioners used in computing their tax liabilities.

Section 6212 authorizes the Commissioner to determine a tax deficiency. Petitioners argue that any failure to make such a determination results in a lack of our subject-matter

---

[6] If allowable, the expenses would have been deductible from AGI and subject to sec. 67 and other limitations.

jurisdiction over the issue of whether the expenses claimed on the Forms 2106 are deductible.[7] Respondent's position, however, is that subsumed within the inclusion of the Form 1099-MISC nonemployee compensation in gross income is a disallowance of the employee expenses that petitioners used to offset the income on the Forms 2106. Respondent also points out that petitioners did not claim the offsetting expenses as deductions for or from AGI. Following that reasoning, respondent contends that there was nothing to disallow.

Petitioners rely on section 7522(a), requiring that the Commissioner, in notices of deficiency, "describe the basis for, and identify the amounts (if any) of, the tax due". Section 7522 provides, however, that "An inadequate description * * * shall not invalidate * * * [a] notice." In addition, as we pointed out in Shea v. Commissioner, 112 T.C. 183, 195 (1999): "Congress enacted section 7522 with the expectation that the IRS would 'make every effort to improve the clarity of all notices * * * that are sent to taxpayers.' H. Conf. Rept. 100-1104 (Vol. II), at 219 (1988), 1988-3 C.B. 473, 709."

---

[7] In addition to their contention that respondent did not make a determination, petitioners also point out that their petitions did not include an assignment of error with respect to the questioned expenses. Petitioners did, however, allege error with respect to respondent's determination that the Form 1099-MISC compensation should be included in gross income on page 1 of petitioners' returns.

Generally, respondent determined that petitioners should have included the nonemployee income reflected on the Forms 1099-MISC in gross income and not in an offset format on their Forms 2106. In years where petitioners claimed the excess of employee expenses over nonemployee compensation on the Schedules A, respondent determined that said excess expenses had not been substantiated or shown by petitioners to be ordinary and necessary.[8] Respondent employed the following explanatory language, with certain minor variations for each group of petitioners, in determining the relevant adjustments to petitioners' income:

Nonemployee Compensation

It is determined that you have nonemployee compensation from American Energy Services, Inc. in the amount of * * * rather than * * * as reported on your * * * income tax returns. Accordingly, your taxable income is increased * * *.

Itemized Deductions * * * [year]

It is determined that you have miscellaneous expenses, subject to the two percent of adjusted gross income

---

[8] In years where there was an excess of expenses over the amount of nonemployee compensation on the Forms 2106, petitioners claimed the excess on the Schedules A as itemized deductions. In those years, respondent determined that the nonemployee compensation was includable in gross income and disallowed the excess expenses claimed on the Schedules A. In years where the nonemployee compensation exceeded the expenses claimed on the Forms 2106 and petitioners reported the excess on page 1 as gross income, respondent determined that the amounts that had been offset on the Forms 2106 were also includable on page 1 as gross income. In either event, respondent did not explicitly disallow the expenses claimed on the Forms 2106.

limitation, in the amount of * * * rather than * * * as claimed on your * * * income tax return, since it has not been established that any amount in excess of that allowed constitutes an ordinary and necessary business expense, was expended, or was expended for the designated purpose. Accordingly, you are not allowed a deduction in the amount of * * * as claimed on your * * * income tax return.

There is no explanatory language in the notices expressly disallowing the offset of expenses that petitioners had claimed on the Forms 2106. It is clear, however, from the above explanatory language that respondent determined that petitioners' income should be increased by the amount of the Form 1099-MISC nonemployee compensation that petitioners had reflected and offset on Forms 2106. It also follows that respondent's determinations increasing gross income were not first being reduced by the employee expenses claimed by petitioners on the respective Forms 2106.

Petitioners contend that respondent's determination would have passed muster if it had been expressed by means of the following three paragraphs petitioners propose:

It is determined that you did not receive nonemployee compensation in the respective amounts of * * *. As a result, the amounts reported as nonemployee compensation on your Forms 2106 are reduced * * * [in the following amounts].

It is determined that you received income from American Energy Services, Inc. in the respective amounts of * * * which should have been reported as compensation for services. Accordingly, your gross income is increased * * * [in the following amounts].

It is determined that the expenses claimed on your Forms 2106 in the amounts of * * *, including those claimed as miscellaneous itemized deductions, are disallowed because * * * [reason for disallowance].

Petitioners argue that the above-quoted paragraphs would have made it clear that the expenses claimed on the Forms 2106 were being disallowed. We note that petitioners' suggested explanation treats reporting the compensation on the Forms 2106 as the equivalent of including it in gross income. We do not agree with petitioners' approach. It is petitioners' contention that without the third paragraph the issue of the deductibility of the expenses claimed on the Forms 2106 has not been subjected to our jurisdiction.

We must note that petitioners' first recommended paragraph addressing the reduction of income by the compensation reflected on the Form 2106 is incorrect and/or unnecessary. The compensation referred to in petitioners' first paragraph had no effect on petitioners' taxable income because of the offset. The language used by respondent to increase gross income by the Form 1099-MISC compensation identified the source of the increase and the variance from the method petitioners used to reflect the income. Certainly, respondent's determination would have been more explicit and thorough if it had contained some reference to the expenses that petitioners had offset on their Forms 2106. For example, the following language would have been helpful:

> To the extent that you wish to claim the expenses shown on Form 2106, they must be claimed on Schedule A, but they are allowable only to the extent that you show them to be ordinary and necessary business expenses and/or to have been expended for the designated purposes.

If respondent had made an explanation regarding the offsetting expenses, it would have been merely advisory and precatory. It would not explain a disallowance that resulted in an income tax deficiency. In the circumstances of these cases, respondent's failure to expressly disallow the offsetting expenses was not tantamount to approving them as petitioners have contended.

The Commissioner is required to inform taxpayers of deficiency determinations. There is no particular form to be used or specific requirement as to the content of a notice of deficiency. Jarvis v. Commissioner, 78 T.C. 646, 655-656 (1982). The notice must "fairly advise [petitioners] that deficiencies in income taxes and additions to the tax had been determined and the years and amounts thereof." Id. In addition, section 7522 requires that the notices describe the basis for, and identify the amounts (if any) of, the tax due.

The notices that respondent issued to petitioners met those basic standards. Respondent did provide a paragraph explaining each adjustment that accounted for the total amounts of the deficiencies determined. Respondent increased gross income by the Form 1099-MISC compensation, unreduced by the amounts of expenses that petitioners had used as setoffs on the Forms 2106.

Respondent also increased income by the amounts of the excess expenses claimed on the Schedules A, which respondent disallowed for lack of a showing that the expenses were ordinary and necessary or that they were expended for the stated purpose.  If respondent had specifically and expressly "disallowed" the offsetting expenses as petitioners suggest, the disallowance would not have resulted in any increase or decrease in the amounts of the deficiencies determined.  Finally, because respondent included the unreduced amounts of the Form 1099-MISC compensation in income, petitioners would be able to comprehend that respondent was giving no effect to the expense setoffs.[9]

In a recent case, we considered whether the Commissioner's position was new matter in the context of section 7522.  Shea v.

---

[9] Petitioners' arguments herein make it obvious that they were aware that the expenses that they had offset against the income on the Forms 2106 were not being given any effect because of the resultant income tax deficiency.  If petitioners had chosen to give them effect, they would have had to assert and prove their entitlement to the expenses.  If petitioners had been successful in showing their entitlement to the expenses, they would not have been entitled to deduct them from or offset them against gross income, as they attempted to do on the Forms 2106. The expenses would have been deductible on Schedule A and subject to various limitations that would result in reduced amounts' being allowable.  We also note that petitioners deducted the excess by which the expenses exceeded the Forms 1099-MISC compensation on their  Schedules A.  Petitioners, however, did not follow that route and instead chose to wage a collateral attack on respondent's determination.  In that regard, petitioners did not question respondent's determination that they had not shown that such expenses claimed on the Schedules A were not ordinary and necessary and/or that they were expended for the stated purpose.

Commissioner, 112 T.C. 183 (1999). In that case, the Commissioner's adjustment and explanation in the notice of deficiency related to the total amount of business gross receipts based on a bank deposit analysis. Subsequently, the taxpayer contended that the reconstructed receipts were community income and that only half of the amount determined was includable. The Commissioner countered that section 66(b) authorized the disallowance of community property benefits in certain circumstances. The language of the notice had no reference to community property interests or section 66(b). In Shea, we held:

> that where a notice of deficiency fails to describe the basis on which the Commissioner relies to support a deficiency determination and that basis requires the presentation of evidence that is different than that which would be necessary to resolve the determinations that were described in the notice of deficiency, the Commissioner will bear the burden of proof regarding the new basis. * * * [Emphasis added.]

Id. at 197. That holding was predicated on our understanding that the purpose of section 7522 is to give taxpayers notice of the basis for a deficiency determination. Id. at 196.

In these cases, respondent did provide petitioners with explanations for all of the adjustments that made up the deficiency. Unlike the taxpayer in Shea, petitioners are not seeking to place the burden of proof on respondent. Instead, petitioners contend that the expenses are not in issue, and, therefore, they have no burden to show their entitlement to the expenses. However, as already explained, respondent's

determination that the Form 1099-MISC compensation is includable as page 1 gross income makes it incumbent on petitioners rather than respondent to show their entitlement to the deduction items. Petitioners' approach to reporting the compensation and expenses was wrong as a matter of law. Respondent's determination adequately described the basis for the income tax deficiencies for purposes of section 7522.

It would have been helpful for respondent to expressly state that the expenses were not allowed in the manner petitioners had claimed them. Such a statement, however, would have no effect on the amount of the income tax deficiencies that respondent determined. Section 7522 does not require the Commissioner to make suggestions, recommendations, or comments in a notice of deficiency concerning taxpayers' reporting positions that have no effect on the deficiency that the Commissioner has determined. Accordingly, we find that respondent was not required to explicitly disallow the expenses. We also find that it is irrelevant that the Form 2106 expenses were not placed in issue in these cases. In effect, it is petitioners' failure to substantiate the expenses that results in their not being allowed as deductions from AGI.

In accord with the foregoing and to reflect the agreements of the parties,

Decisions will be entered

under Rule 155.