T.C. Memo. 2006-49

UNITED STATES TAX COURT

PAUL A. GASKINS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 21937-04.                    Filed March 21, 2006.

Paul A. Gaskins, pro se.

<u>Katherine Lee Kosar</u>, for respondent.

MEMORANDUM OPINION

HAINES, <u>Judge</u>:  Respondent determined a deficiency in
petitioner's Federal income tax of $8,071 for tax year 2002.

This case is before the Court on respondent's motion for
entry of decision.  Petitioner objects.

## Background

Petitioner resided in Clinton, Ohio, when he filed the petition and amended petitions.

Petitioner reported zero wages and zero tax owed on his 2002 Federal income tax return. Based upon third-party information, on August 23, 2004, respondent issued a notice of deficiency to petitioner for the 2002 tax year setting forth unreported Form W-2, Wage and Statement, income of $51,114 and cancellation of indebtedness income of $1,229. Respondent determined a deficiency in petitioner's Federal income tax for 2002 of $8,395 as well as an accuracy-related penalty under section 6662(a) of $1,679.[1]

Petitioner timely filed an imperfect petition with the Court on November 15, 2004. Petitioner then filed an amended petition on January 3, 2005, disputing he owed the tax and asserting tax protester rhetoric. In response, on February 15, 2005, respondent filed a motion to dismiss for failure to state a claim upon which relief can be granted.

On February 16, 2005, this Court ordered petitioner to file a second amended petition setting forth each error he alleged respondent made in determining the deficiency and penalty. The

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended. All Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated. Amounts are rounded to the nearest dollar.

petitioner was further ordered to provide separate statements of every fact upon which he based the assignments of error. Finally, the Court ordered that respondent's motion to dismiss for failure to state a claim upon which relief can be granted, be calendared for hearing at the Court's motion session on March 23, 2005. In the order, the Court also reminded the parties that Rule 50(c) allows a party to submit a written statement in lieu of or in addition to attending the hearing.

Petitioner timely filed his second amended petition on March 10, 2005. This case was called during the Court's motions session on March 23, 2005, for hearing on respondent's motion to dismiss for failure to state a claim upon which relief can be granted. Respondent appeared and was heard. Petitioner did not appear, nor did he file a written statement of his position pursuant to Rule 50(c).

The Court denied respondent's motion to dismiss. However, the Court ordered stricken so much of petitioner's second amended petition as was based upon frivolous tax protester arguments. In particular, the Court struck from petitioner's petition the allegation that his income of $51,114 in 2002 did not qualify as taxable income under section 861. As a result, petitioner's remaining assignments of error are:

- The IRS has listed $1,229 as income from cancellation of debt. The debt in question was the subject of bankruptcy. No debt was "forgiven".; and

- The IRS has charged the Petitioner a penalty for filing a 'frivolous' return without establishing the basis for making such determination.

On April 6, 2005, respondent filed an answer to the second amended petition in which he conceded petitioner did not have cancellation of indebtedness income in the amount of $1,299 and was not liable for the section 6662(a) penalty.

On November 17, 2005, respondent filed a motion for entry of decision. In the motion, respondent stated petitioner's income tax deficiency was reduced to $8,071 to reflect the concessions contained in the answer. On November 22, 2005, the Court ordered petitioner to respond to the motion. On November 29, 2005, petitioner filed his objection which asserted only tax protester arguments.

## Discussion

Rule 34(b)(4) requires a taxpayer's petition to contain clear and concise assignments of each and every error the taxpayer alleges the Commissioner committed in determining the deficiency or liability. Rule 34(b)(5) further requires the petition to contain clear and concise statements of fact on which the taxpayer bases the assignments of error. Jarvis v. Commissioner, 78 T.C. 646, 658 (1982). If an issue is not addressed by a clear and concise assignment of error, it is deemed to be conceded. Rule 34(b)(4); Nis Family Trust v. Commissioner, 115 T.C. 523, 536-537 (2000).

In this case, respondent has moved for entry of decision. The Court will grant the motion.  As a result of the Court's ruling of March 23, 2005, it was established that petitioner received $51,114 as income.  See <u>Swain v. Commissioner</u>, 118 T.C. 358, 362 (2002).  On April 6, 2005, respondent conceded the remaining issues relating to the cancellation of indebtedness income and the section 6662(a) penalty.  There are no issues remaining.  Accordingly, petitioner received $51,114 of taxable income in 2002, had no cancellation of indebtedness income, and is not liable for a section 6662(a) penalty.

Therefore, we shall enter a decision for respondent with respect to the deficiency adjusted for respondent's concessions. Petitioner is liable for a tax deficiency of $8,071 for tax year 2002 with no section 6662(a) penalty.

In reaching our holding, we have considered all arguments made and conclude that any arguments not mentioned above are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.