T.C. Memo. 2017-197

UNITED STATES TAX COURT

JOHN HOBART ZENTMYER, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5692-17.                      Filed October 4, 2017.

John Hobart Zentmyer, pro se.

Monica I. Cendejas, for respondent.

MEMORANDUM OPINION

JACOBS, Judge:  Petitioner failed to file a Federal income tax return or pay

income tax for 1996.  After petitioner was convicted of income tax evasion, among

other things, and served time in prison, the Internal Revenue Service (IRS)

prepared a substitute for return.  On December 12, 2016, the IRS mailed petitioner

a notice of deficiency for 1996.  On March 8, 2017, petitioner filed a petition in

[*2] this Court, using the standard form provided by the Court. Petitioner filled in all of the lines on the form and attached a document as his petition.

On April 26, 2017, respondent filed a motion to dismiss for failure to state a claim upon which relief can be granted (motion to dismiss) under Rule 40. On May 9, 2017, the Court ordered petitioner to state his objections to respondent's motion to dismiss or file an amended petition containing clear and concise assignments of each and every error that petitioner alleges to have been committed by respondent, by May 30, 2017.

On May 30, 2017, petitioner sent a document to the Court which incorporated his (1) amended petition; (2) reply to respondent's motion to dismiss; and (3) motion for partial summary judgment. The Court separated this document into its three component elements. The amended petition was filed as of May 30, 2017; the reply to respondent's motion to dismiss and the motion for summary judgment were filed June 5, 2017. On July 7, 2017, respondent filed a first supplemental motion to dismiss for failure to state a claim upon which relief can be granted (supplemental motion to dismiss). On August 22, 2017, petitioner filed a response to respondent's supplemental motion to dismiss. Finally, on September 5, 2017, petitioner filed a motion for judgment on the pleadings.

**[*3]**  For the reasons stated <u>infra</u>, we will grant respondent's motion to dismiss as supplemented by respondent's supplemental motion to dismiss and deny as moot petitioner's motion for partial summary judgment and his motion for judgment on the pleadings.  Unless otherwise indicated, all section references are to the Internal Revenue Code (Code) as amended and in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Background

The following facts are not in dispute and are derived from the pleadings, the parties' motions, and supporting exhibits attached thereto.  The facts are stated solely for purposes of deciding the motions before us.  <u>See</u> <u>Hahn v. Commissioner</u>, 110 T.C. 140, 141 (1998); <u>Sundstrand Corp. v. Commissioner</u>, 98 T.C. 518, 520 (1992), <u>aff'd</u>, 17 F.3d 965 (7th Cir. 1994).  At the time petitioner filed his petition, he resided in California.

In the notice of deficiency respondent determined an income tax deficiency of $256,365, a section 6651(a)(1) addition to tax of $57,682, a section 6651(a)(2) addition to tax of $64,091, and a section 6654 addition to tax of $13,645.  The deficiency in tax is related to petitioner's conviction in the U.S. District Court for

[*4] the Central District of California on January 31, 2005.[1] Petitioner was convicted of one count of making a false statement to a financial institution in violation of title 18 U.S.C. sec. 1014; one count of income tax evasion in violation of section 7201; and multiple counts of structuring financial transactions in violation of title 31 U.S.C. sec. 5324(a)(3) and (d)(1). Petitioner was sentenced to 33 months in prison and, inter alia, ordered to pay tax restitution of $264,335 to the United States pursuant to the terms of 18 U.S.C. sec. 3612(f)(3)(A).

Petitioner makes his views clear on the first page of his petition, wherein he states:

> [t]his Notice [of deficiency] shows an adjustment to a conclusion of law predicated on what appears to be Respondent's implication that in 1996 Petitioner received a certain amount of something, and then claims that this adjustment resulted in a deficiency attributed to Petitioner.
>
> One can only speculate about whether there might have been a worker bee in a particular federal office who led to this adjustment suddenly popping up after a period of more than 20 years had elapsed, but this revelation is of no consequence because Petitioner's instant challenge shifts the burden of proof to Respondent such that the Notice is void unless Respondent can validate the purported deficiency.

Thereafter, petitioner criticizes the notice of deficiency, asserting that it is inadequate as a matter of law.

---

[1]Petitioner's conviction was entered on February 7, 2005.

**[*5]** "We determined that you owe" is not legal support for the imposition of the purported tax but merely shows that Respondent went through the motions to satisfy itself that Petitioner is in arrears. "How we figured the deficiency" is not legal support for the amount due but is merely a statement which implies that Respondent used certain statute(s) that set forth the various formulae used for its calculations. "Amount due" is not legal support for the exaction from Petitioner's personal property but is merely the amount determined by Respondent's unsupported calculations.

In elaborating his position, petitioner includes numerous arguments. First, petitioner asserts that the notice of deficiency is inadequate because "the laws that led to the [IRS'] conclusions are nowhere to be found in Respondent's Notice."

Next, petitioner asserts that the IRS failed to define the adjustments determined in the notice of deficiency.

These adjustments appear to be the result of Respondent's belief that Petitioner is somehow culpable because he had received 738,690.20 un-denominated things. (Id.) Nowhere in this form 4549-A is there any definitive statement as to what these things might be, but whatever they are, the end result is that purportedly Petitioner is supposed to supply 1,137,309.17 of them to the government.

In the temporal realm (the real world), one cannot receive an abstraction. One can only receive actual physical objects, all of which are classified as personal property and further denominated by name, such as tennis ball or dollar bill. Respondent's Notice appears to imply that Petitioner received a certain number of un-denominated physical items, as can be inferred from the numbers therein alleging various amounts. If this assumption is accurate, it forms the only antecedent fact in the entire instant matter: [sic] According to Respondent, Petitioner received 738,690.20 items of un-denominated personal property (the "total adjustments"). This implication and all

**[*6]** other assertions in Respondent's Notice are conclusions of law, not stipulations of fact, which appear to have been derived from the application of undisclosed law to the singular factual implication that Petitioner received a certain amount of personal property.

Third, petitioner asserts that in the notice of deficiency the IRS failed to define the tax determined.

> There are only three logical options for creating an arrearage traceable to the receipt of personal property: (1) a tax on the value of the property received, (2) an excise on the event of the receipt, or (3) a tax on the increase in net worth of the recipient. Respondent's Notice does not disclose which of these three options is the basis for the purported "amount due" from Petitioner or whether Respondent chose another option based on logic, but Regardless [sic] of what Respondent believes is being taxed, the Notice does not disclose the specific statutes that purportedly support the tax itself or the amount Respondent claims is due.

Fourth, petitioner asserts that the IRS' aforementioned failures signify that the IRS is taxing only an undefined abstraction.

> Without specifically defining, as opposed to merely labeling [sic], what is being taxed, Respondent is claiming that an undefined abstraction is taxable and asking Petitioner and this Court to assume without that it truly is taxable. Therefore, to satisfy Respondent's burden of proof by at least attempting to legitimize the amount due, and regardless of the legal basis Respondent believes supports this amount or what Respondent believes is being taxed, Respondent must disclose (1) the statute or case law that defines legally, rather than merely labels, what Respondent claims is being taxed, and (2) the statute that imposes a tax on what has just been defined.

**[\*7]**   Fifth, petitioner asserts that the statutes "disclosed" in the notice of deficiency involve only penalties and interest.  "There are no statutes disclosed that support Respondent's legal conclusions about what Respondent is purporting to tax, why Respondent believes that whatever is being taxed is taxable, or that require Petitioner to supply any of his personal property to the government." Petitioner further asserts that the penalties imposed would apply only if petitioner were required to file a tax return and that respondent has failed to make such a showing.

Finally, petitioner asserts that the Form 4549-A, Income Tax Examination Changes, attached to the notice of deficiency is in error because his last name was misspelled as "Zentmeyer" and, consequently he, John Zentmyer, was never a party to the examination.

Respondent did not file an answer to the petition.  Rather, as stated supra p. 2, respondent filed a motion to dismiss.  In his motion respondent asserts that the petition does not meet the requirements of Rule 34(b) and that "[p]etitioner's disjointed filing raises several frivolous arguments" and that his contentions "bear no merit with regard to whether the determinations set forth in the notice of deficiency are erroneous."  Thus, respondent concludes, "[t]he document filed as the Petition does not comply with the Rules of the Tax Court as to the form and

**[\*8]** content of the Petition and fails to state a claim upon which relief can be

granted."

In his amended petition, petitioner states:

B. In accordance with T.C. rule 34(b), Petitioner assigns the following single dispositive error to Respondent's notice: Respondent has already admitted in error his belief that Petitioner received income. In his answering MTD, Respondent states:

"[N]owhere in the petition does [Petitioner] state any facts indicating that he did not receive the income that is the subject of the notice of deficiency." (MTD at 4.)

C. With this statement Respondent admits that he has not alleged facts in his form 4549-A because he knows, or certainly should know, that Petitioner could not have received income because as a matter of law no one has ever received income.

Continuing, petitioner states:

Respondent appears to believe that the legal definition of income is "everything that comes in," but the U.S. Supreme Court put this definition on the ash heap of mistaken beliefs many years ago with the definition of income that remains legally valid today and that is binding precedent for the instant case:

"'Income may be defined as the gain derived from capital, from labor [the work of a company's employees], or from both combined,' provided it be understood to include profit gained through a sale or conversion of capital assets[.]"--Eisner v. Macomber, 252 U.S. 189, 207 (1920).

In his supplemental motion to dismiss respondent asserts that "[s]imilar to

the original petition, petitioner fails to state any facts indicating that he did not

**[*9]** receive the income that is the subject of the notice of deficiency" and indeed that the amended petition surpasses the original petition in raising frivolous arguments.

In his response to respondent's supplemental motion to dismiss, petitioner asserts that "[r]espondent admitted that Petitioner received income in his original Motion to Dismiss (MTD. at 4), which satisfies the rule 34(b) format. However, the legal reasoning behind this conclusion appears to have escaped Respondent's attention; therefore, Petitioner will again explain it but with more detail and legal authority." Petitioner argues:

> Although Respondent is attempting to collect an un-apportioned direct tax by re-naming Petitioner's personal property "income" and then taxing this purported income rather than the underlying property, his form 4549-A contains no facts or law with which to support either his methodology or his calculations. Therefore, as Petitioner stated in his earlier submissions and re-states here, with no facts or law to support Respondent's calculations, they cannot be correct as a matter of law.

Petitioner maintains that "income" is "classified as an abstractions [sic] because it has no mass, shape or color, which means that income is incapable of being received." And he concludes:

> Respondent's all-encompassing claim that wages are income may be true for some recipients under some circumstances, but lower court decisions that ignore the Supreme Court's binding definition of the

**[\*10]** generic term "income" do not have the force of law except for the cases in which they were issued.

## Discussion

The Commissioner's determinations in the notice of deficiency are presumed correct, and the taxpayer bears the burden of proving error. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). In challenging the Commissioner's determination, a petition filed by a taxpayer should be simple, concise, and direct. Rule 31(b). The petition must provide the basis on which the taxpayer disagrees with the determinations, supporting facts, and a prayer setting forth the relief sought. Rule 34(b). Specifically, Rule 34(b)(4) requires that the petition provide "[c]lear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability. * * * Any issue not raised in the assignments of error shall be deemed to be conceded." While we construe all pleadings to do substantial justice, Rule 31(d), we may dismiss a petition for failure to state a claim upon which relief can be granted under Rule 40. Dismissal for failure to state a claim is appropriate where, even if all of the allegations contained in a pleading are true, a claim fails as a matter of law. See Phillips v.

**[\*11]** <u>Cty. of Allegheny</u>, 515 F.3d 224, 233 (3d Cir. 2008); <u>Cohen v. Commissioner</u>, 139 T.C. 299 (2012), <u>aff'd</u>, 550 F. App'x 10 (D.C. Cir. 2014).

Upon review of petitioner's petition and his amended petition, we find that no justiciable issue has been raised. Consequently, we will grant respondent's motion to dismiss, as supplemented.

Petitioner has failed to assert any error in the notice of deficiency. Instead, he has drafted a rambling collection of tax-protester arguments. As has been said on many occasions by many courts: "We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." <u>Crain v. Commissioner</u>, 737 F.2d 1417, 1417 (5th Cir. 1984); <u>see</u> <u>Rapp v. Commissioner</u>, 774 F.2d 932, 936 (9th Cir. 1985). Nonetheless, in the hope that this opinion may deter individuals from raising these "points" in the future, we will briefly address petitioner's assertions.

Most of petitioner's assertions may be grouped into two categories: (1) the notice of deficiency did not spell out the laws under which the determinations were made and (2) the IRS' determinations were undefined abstractions and petitioner was unable to determine whether he owed a "dollar" or a "tennis ball".

**[*12]** With respect to the first group of assertions, we have held that it is not necessary to include a statutory citation for each adjustment. <u>Wheeler v. Commissioner</u>, 127 T.C. 200, 205 (2006) (citing <u>Jarvis v. Commissioner</u>, 78 T.C. 646, 655-656 (1982)), <u>aff'd</u>, 521 F.3d 1289 (10th Cir. 2008). With respect to the second group of assertions, we cannot help but observe that these are quintessential examples of frivolous arguments. The Form 886-A, Explanation of Items, attached to the notice of deficiency clearly includes U.S. dollar symbols, i.e. "$", and it is obvious to any reasonable person what the IRS' deficiency determination is. Income is not an abstraction. Were we to accept petitioner's position, the 16th Amendment, authorizing the income tax, would be meaningless.

Petitioner's final assertion--that the Form 4549-A attached to the notice of deficiency is addressed to "John Zentmeyer" rather than petitioner, John Zentmyer--is also frivolous. The spelling of petitioner's surname on the form is obviously a typographical error.

Petitioner's amended petition is no better than the original petition. Petitioner asserts that not only did he not receive income, but "as a matter of law no one has ever received income", citing the Supreme Court's holding in <u>Eisner v. Macomber</u>, 252 U.S. 189, 207 (1920). In <u>Macomber</u> the Supreme Court decided that a shareholder-taxpayer did not realize gain on the receipt of a stock dividend.

**[\*13]** The Court did not hold that no one has ever received income. Indeed, in Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 430-431 (1955), the Supreme Court emphatically held that the definition of income in Macomber "was not meant to provide a touchstone to all future gross income questions." In other words, the Supreme Court said that Macomber does not hold what petitioner claims it holds. The Code provides that gross income includes all income from whatever source derived unless excluded by law. Sec. 61; Commissioner v. Kowalski, 434 U.S. 77, 82-83 (1977); Commissioner v. Glenshaw Glass Co., 348 U.S. at 430.

To conclude, we find that petitioner has failed to raise a justiciable issue in his petition. We therefore will grant respondent's motion to dismiss filed April 26, 2017, as supplemented by respondent's supplemental motion to dismiss filed July 7, 2017, and dismiss petitioner's petition. Finally, we will deny as moot petitioner's motion for partial summary judgment as well as petitioner's motion for judgment on the pleadings.

We caution petitioner that raising frivolous arguments similar to the ones herein in the future may subject him to penalties imposed by the Court. See sec. 6673.

**[\*14]**  In the light of the foregoing,

<u>An appropriate order and order</u>

<u>of dismissal will be entered</u>.